IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FIH, LLC<br><br>      *Plaintiff,*<br><br>v.<br><br>FOUNDATION CAPITAL PARNERS LLC,<br>f/k/a FOUNDATION MANAGING<br>MEMBER LLC;<br>DEAN BARR;<br>JOSEPH MEEHAN; THOMAS WARD; and<br>JOSEPH ELMLINGER<br><br>      *Defendants.* | CIVIL ACTION NO. 3:15-cv-00785 (JBA)<br><br><br><br><br><br><br><br><br><br><br><br>April 21, 2016 |

## JOINT STATUS REPORT

The parties submit this Joint Status Report in accordance with the Order dated April 11, 2016 in anticipation of the telephone status conference to be held at 1:00 p.m. on April 28, 2016.

1. **Current Status of the Pleadings**

By Ruling dated March 30, 2016, the Court granted in part and denied in part Motions to Dismiss filed by defendants Dean Barr, Joseph Meehan, Joseph Elmlinger, and Thomas Ward (the "Appearing Defendants").

2. **Answers.**

Defendants Ward and Elmlinger will be filing Answers to the Amended Complaint by April 27, 2016.

Defendants Barr and Meehan have moved for reconsideration of one aspect of the Court's ruling on their Motions to Dismiss. As a result, Defendants Barr and Meehan are seeking, and Plaintiff has consented to, an extension of the Answer deadline until 14 days after the Court decides the Motions for Reconsideration.

3. **Additional Motions and Applications**

On April 13, 2016, Barr and Meehan filed Motions for Partial Reconsideration challenging only the Court's ruling that Counts II-V survive as against Barr and Meehan in their entirety.

FIH intends to file with this Court applications for Prejudgment Remedy, pursuant to Conn. Gen. Stat. §§ 52-278a to 52-278h, as against each of the Appearing Defendants.

**4. Initial Disclosures**

On July 23, 2015, Plaintiff served upon Appearing Defendants its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a).  Appearing Defendants have not yet served their Initial Disclosures.  These Initial Disclosures are due no later than May 2, 2016.

**5. Discovery.**

  a. **Discovery Served Thus Far**

On July 10, 2015, Plaintiff served upon all Defendants Requests for the Production of Documents and Interrogatories.

In light of the mandatory Private Securities Litigation Reform Act ("PSLRA") stay imposed with Appearing Defendants' Motions to Dismiss, there was no discovery until March 30, 2016.

With the Court's Ruling on the Motions to Dismiss, the PSLRA stay was lifted and Plaintiff re-served its Requests for the Production of Documents and Interrogatories on Appearing Defendants on March 31, 2016.

Plaintiff has consented to an extension of Defendants' time to respond to Plaintiff's written discovery to May 11, 2016 which Defendants plan to confirm by motion to this Court, subject to the right to discuss discovery scheduling further at the conference currently scheduled with the Court.

  b. **Further Discovery – Plaintiff's View**

Plaintiff believes that discovery of all parties by all parties should now proceed.

Defendants have advised Plaintiff that they intend, as set forth below, to ask the Court to bifurcate discovery into two phases, with a limited first phase in which Defendants may take written discovery and depositions of Plaintiff, but no discovery will be allowed to Plaintiff, following which Defendants will make a motion for summary judgement, to which Plaintiff must then respond, without the benefit of any discovery.

Plaintiff does not agree.  It believes that the concept of discovery and due process in force in United States Courts is not consistent with Defendants' proposal.  Plaintiff objects to Defendants' plan to take discovery, while Plaintiff is not permitted to do so.  This Court has ruled unambiguously – it dismissed some claims, but others survive.  Discovery should begin.

The Federal Rules of Civil Procedure, unremarkably, contemplate simultaneous discovery by all parties.  And so does the PSLRA, which sets forth a special discovery rule in federal securities fraud cases.  The PSLRA stays discovery in federal securities fraud cases only until the court has resolved motions to dismiss.  But once such motions are resolved, if claims remain, simultaneous discovery on the merits begins.  The PSLRA does not say, despite Defendants' fervent wishes, "and after denial of motions to dismiss, the defendants only may take discovery and then make motions for partial summary judgment, and only if such motions are unsuccessful shall plaintiff then be allowed to take any discovery."  Indeed, applying Defendants' faulty logic, it would be just as reasonable for Plaintiff to argue that it alone is entitled to discovery.  Defendants are not taking such a position.

As for a schedule, according to the Court's July 30, 2015 Order, dispositive motions were due by June 2, 2016, with a trial ready date by December 1, 2016.  Prior to the imposition of the mandatory PSLRA discovery stay, the Court had scheduled the close of discovery for November 21, 2015.  In light of the PSLRA discovery stay, pursuant to which discovery was stayed from July 2015 through March 30, 2016, Plaintiff requests an extension of the discovery deadlines as follows:

- Fact discovery shall be completed by September 15, 2016.
- Expert discovery shall be completed by October 15, 2016.
- Dispositive motions shall be filed by November 15, 2016.  If dispositive motions are filed, the parties will be trial ready by May 15, 2017.  The parties' Joint Trial Memorandum will be filed 30 days after ruling on dispositive motions.  If no dispositive motions are filed, the parties' Joint Trial Memorandum will be due by December 15, 2016, and the parties will be trial ready by March 1, 2017.

### c. Further Discovery – Defendants' View

Defendants propose a limited first phase of discovery concerning materiality and reliance, with a focus on Plaintiff's knowledge concerning Foundation and its principals during its due diligence up to its investment in Foundation and Plaintiff's knowledge concerning the truth or falsity of the alleged misrepresentations in the surviving Amended Complaint.  Defendants therefore propose the extension of the discovery deadlines and trial scheduling as follows:

- Defendants shall serve limited document requests by April 27, 2016.
- Plaintiff shall produce documents responsive thereto within 21 days.
- Defendants shall conduct depositions of Greg Dyra and Nesanel Milstein on the topics for first phase discovery by June 15, 2016.
- Defendants shall file dispositive motions if any on the limited issues of first phase discovery by July 15, 2016.  Thereafter the Court shall determine whether to allow ongoing discovery while the dispositive motions are pending.

If Defendants do not file dispositive motions by July 15, 2016,
- Fact discovery shall be completed by October 15, 2016.

- Expert discovery shall be completed by November 15, 2016.
- Dispositive motions shall be filed by December 15, 2016.  If dispositive motions are filed, the parties will be trial ready by June 15, 2017.  The parties' Joint Trial Memorandum will be filed 30 days after ruling on dispositive motions.  If no dispositive motions are filed, the parties' Joint Trial Memorandum will be due by January 15, 2017, and the parties will be trial ready by March 1, 2017.

Respectfully submitted,

Plaintiff, FIH, LLC

By: /s/ Tamar Wise
     Brian Flaherty (admitted *pro hac vice*)
     Tamar Wise (admitted *pro hac vice*)
     Cozen O'Connor
     1650 Market St.
     Philadelphia, PA 19103
     (215) 665-4647
     bflaherty@cozen.com
     twise@cozen.com

     James I. Glasser (ct 07221)
     Kevin M. Smith (ct 24774)
     Wiggin and Dana LLP
     One Century Tower
     265 Church Street
     PO Box 1832
     New Haven, CT 06508
     (203) 498-4313
     jglasser@wiggin.com
     ksmith@wiggin.com

Defendant Joseph Meehan

By: /s/ Thomas P. O'Dea, Jr.
     Thomas P. O'Dea, Jr.
     Diserio Martin O'Connor & Castiglioni, LLP
     One Atlantic Street
     Stamford, CT 06901
     (203) 358-0800
     TODea@dmoc.com

Defendant Thomas Ward

By: /s/ Stephen Walko
Stephen Walko
Ivey, Barnum & O'Mara LLC
170 Mason Street
Greenwich, CT 06830
(203) 661-6000
swalco@ibolaw.com

Defendant Joseph Elmlinger

By: /s/ Andrew Zeitlin
Andrew Zeitlin (ct21386)
Shipman & Goodwin LLP
300 Atlantic St.
Stamford, CT 06901
(203) 324-8100
azeitlin@goodwin.com

/s/ David Trachtenberg
David Trachtenberg (phv07533)
Trachtenberg, Rodes & Friedberg LLP
545 Fifth Ave
New York, NY 10017
(212) 972-2929
dtrachtenberg@trflaw.com

Defendant Dean Barr

By: /s/ Peter M. Nolin
Peter M. Nolin (ct06223)
Carmody Torrance Sandak & Hennessey LLP
707 Summer Street
Stamford, CT 06901-1026
203-425-4200
pnolin@carmodylaw.com

{S7000888;3}