UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FIH, LLC,<br>            *Plaintiff*,<br>      *v.*<br>FOUNDATION CAPITAL PARTNERS LLC, f/k/a FOUNDATION MANAGING MEMBER LLC; DEAN BARR; JOSEPH MEEHAN; and JOSEPH ELMLINGER,<br>            *Defendants.* | Civil No. 3:15cv785 (JBA)<br><br>April 26, 2016 |

**RULING ON MOTIONS FOR RECONSIDERATION**

On March 30, 2016, this Court granted in part and denied in part motions to dismiss filed by Defendants Dean Barr, Joseph Meehan, and Joseph Elmlinger. (*See* Ruling Mot. to Dismiss [Doc. # 63].) Defendants Dean Barr and Joseph Meehan now move [Doc. ## 65, 66] for Reconsideration of the part of the Court's Ruling denying their motions to dismiss Plaintiff's state law claims (Counts II to V). For the following reasons, Defendants' motions for reconsideration are granted, and upon reconsideration, Counts II to V are dismissed as to Barr and Meehan to the same extent the Court dismissed the federal law claims against them.

**I.      Background**

In the Court's Ruling on Defendants' Motions to Dismiss, the Court noted that "[o]nly Elmlinger and Ward put forward grounds for the dismissal of Plaintiff's state law claims should Plaintiff's federal law claim succeed." For that reason, the Court did not dismiss the state law claims against Meehan and Barr. However, it dismissed the state law

claims against Elmlinger and Ward to the same extent that it dismissed the federal claims against them.

II.     **Discussion**[1]

Defendants raise two arguments in support of their claim that reconsideration is warranted in order to correct a clear error or prevent manifest injustice. First, Defendant Meehan contends that "the Court erred in failing to take into account [his] adoption and incorporation by reference of arguments for dismissal advanced by any other defendant." (Meehan Mem. Supp. Mot. Reconsid. at 3.) Second, both Defendants assert that "[b]ecause the Court has already determined that certain of the alleged representations fail to state a claim under federal securities law, these statements cannot form the basis of related state law claims against any defendant in the case," under the "law of the case doctrine." (*Id.* at 3–4; *see* Barr Mot. Recons. (incorporating Meehan's arguments in support of his motion for reconsideration).)

---

[1] Motions for reconsideration require the movant to set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)1. The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478). This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision.  *Id.*

Plaintiff responds by noting that Meehan's statement incorporating the arguments of other Defendants was not in strict compliance with Local Rule 47(b), which requires that any "incorporation by reference . . . identify the motion or memorandum of law by specifying the name of the co-defendant, the date of filing and the document number." (Pl.'s Opp'n [Doc. # 74].) Plaintiff additionally disputes that the "law of the case doctrine" has any applicability here because that doctrine "is properly invoked only when a court rules in an inconsistent manner on the exact same point of law between different phases of a litigation." (*Id.* at 3.)

The Court did, as Meehan suggests, overlook his statement incorporating the arguments of other Defendants, and upon reviewing that statement now, the Court finds its content to be sufficient, albeit not a paradigm of precision.[2] More generally, however, the Court finds, whether framed as a "law of the case" issue or not, that the state claims against Barr and Meehan should have been dismissed to the same extent as the federal claims, in the interest of justice and judicial economy. Because the Court's discussion of the state law counts against Elmlinger and Ward makes it plain that many of the state law allegations against Barr and Meehan fail to state a claim, it would be an unwise use of limited judicial resources to permit those claims to go forward.

---

[2] Contrary to Plaintiff's claims, the Local Rules of Civil Procedure do not specify a method of incorporating the arguments of co-defendants. The rule to which Plaintiff cites is found in the Local Rules of *Criminal* Procedure, which have no applicability here.

III.  **Conclusion**

For the foregoing reasons, Defendants Barr and Meehan's Motions for Reconsideration are GRANTED. Counts II to V are dismissed against Barr and Meehan to the same extent as were the federal claims against them. Thus, the following claims remain for adjudication:

1. Counts I to V:

    a. against all Defendants with respect to the statement in the February Due Diligence Materials that "the current representative [Foundation] pipeline . . . has become increasingly active in recent months";

    b. against Barr and Meehan with respect to their statement that their relationship with one another posed no threat to their ability to work together; and

    c. against Barr with respect to: his alleged failure to update FIH regarding his statement that Foundation had a green light to pursue Project Apex and he believed Foundation could "move expeditiously on this deal"; his statement that "[o]ur pipeline continues to expand with real, immediate deals"; and his statement that there was nothing "FIH needed to know about [his] background or personality" and no other matters concerning him that FIH should know about before proceeding with an investment; and

2. Count VI against all Defendants.

IT IS SO ORDERED.
       /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 26th day of April 2016.