UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FIH, LLC,<br>    *Plaintiff,*<br>  *v.*<br>FOUNDATION CAPITAL PARTNERS LLC, f/k/a FOUNDATION MANAGING MEMBER LLC; DEAN BARR; JOSEPH MEEHAN; and JOSEPH EMLINGER,<br>    *Defendants.* | Civil No. 3:15cv785 (JBA)<br><br>May 18, 2016 |

**ENDORSEMENT ORDER**

Defendants' letter [Doc. # 93], docketed as a motion, requesting a status conference regarding Plaintiff's Second Amended Complaint is DENIED. While the amended complaint may not be as succinct as the Court anticipated, the Court does not believe that a status conference on the subject is necessary. Regardless of which facts Plaintiff chooses to include in its Second Amended Complaint, it is bound by the Court's Ruling on Defendants' Motions to Dismiss; it cannot revive dismissed counts by alleging facts only relevant to them in its complaint.

Defendants indicate in their letter that they are contemplating filing a motion to strike. Such motions, which may be granted only as to redundant, immaterial, impertinent, or scandalous matter, *see* Fed. R. Civ. P. 12(f), are "disfavored," *Johnson v. M & M Commc'ns, Inc.*, 242 F.R.D. 187, 189 (D. Conn. 2007), and whether to grant them is "within the district court's sound discretion," *Lomoureux v. AnazaoHealth Corp.*, 250 F.R.D. 100, 102 (D. Conn. 2008). Further, Defendants should note that the Court construes Rule 12(f), as other Rules, in a manner that will ensure the just, *speedy*, and *inexpensive* determination

of every action, *see* Fed. R. Civ. P. 1; the Court doubts whether judicial intervention to parse a sixty-page complaint is necessary to further those goals.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 18th day of May 2016.