IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
                                          :
FIH, LLC                                  :          CIV. NO.  15 CV 785(JBA)
                                          :
v.                                        :
                                          :
FOUNDATION CAPITAL PARTNERS LLC,          :
f/k/a FOUNDATION MANAGING MEMBER          :
LLC; DEAN BARR; JOSEPH MEEHAN;            :          DATE: JULY 28, 2016
THOMAS WARD; and JOSEPH ELMLINGER         :
-------------------------------------------------------x
```

RULING ON DEFENDANTS' MOTION TO CONTINUE EVIDENTIARY HEARING ON
PLAINTIFF'S APPLICATION  FOR PREJUDGMENT REMEDY (Dkt. #118) AND
ON PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER (Dkt. #121)

On August 22, 2015, plaintiff FIH, LLC commenced this action against defendants arising out of an alleged fraud by defendants Dean Barr, Joseph Meehan, Thomas Ward, and Joseph Elmlinger in inducing FIH's investment in defendant Foundation Capital Partners LLC, f.k.a Foundation Managing Member LLC ["Foundation"].  (Dkt. #1).  On September 21, 2015, plaintiff filed an Amended Complaint (Dkt. #43) alleging violations of § 10(b) of the Security Exchange Act, 15 U.S.C. § 78j(b) (Count I); violations of the Connecticut Uniform Securities Act ["CUSA"], Conn. Gen. Stat. §§ 36b-29(a) (Count II); intentional misrepresentation (Count III); fraudulent inducement (Count IV); negligent misrepresentation (Count V); and unjust enrichment (Count VI).  On March 30, 2016, United States District Judge Janet Bond Arterton granted in part and denied in part defendants' Motions to Dismiss. 2016 WL 1258457 (D. Conn. Mar. 30, 2016)(Dkt. #63; see Dkts. ##46-47, 49, 51)["March 2016 Ruling"].  On May 10, 2016, plaintiff filed its Second Amended Complaint to comply with the Court's holding in the March 2016 Ruling. (Dkt. #88).   Under the Scheduling Order filed by Judge Arterton on May 20, 2016, all discovery is to be completed by October 17, 2016, and all dispositive motions are to be filed by November 15, 2016.

On April 21, 2016, plaintiff filed the pending Motion for Prejudgment Remedy ["PJR"] and Motion for Disclosure of Property and Assets (Dkts. ##70-71), which motions were referred to this Magistrate Judge five days later.  (Dkt. #76).  During a telephonic status conference held on May 3, 2016, the PJR hearing was scheduled before this Magistrate Judge for August 4 and 5, 2016.  (Dkts. ##81, 83-84).  On July 25, 2016, this Magistrate Judge filed an Order Regarding PJR Hearing (Dkt. #117), which required the parties to file a memorandum with stipulations of fact, a list of witnesses, and a list of exhibits by July 28, 2016.

On July 25, 2016, defendants filed the pending Motion to Continue Evidentiary Hearing on Plaintiff's Motion for Prejudgment Remedy (Dkt. #118),[1] in which they seek a postponement of the August 4-5, 2016 PJR hearing until on or before October 27-28, 2016. (Id. at 1).  Plaintiff filed its brief in opposition two days later (Dkt. #120;[2] see also Dkt. #119), as well as its Emergency Motion for Protective Order and brief in support (Dkt. #121).[3]  Later that same day, defendants filed their reply brief in support of their motion. (Dkt. #122).  On July 28, 2016, Judge Arterton referred these two motions to this Magistrate Judge. (Dkt. #123).

---

[1]The following ten exhibits were attached: copy of Defendants' First Request for the Production of Documents, dated April 25, 2016 (Exh. A); copies of Defendants' Notices of Deposition, upon Nesanel Milstein and upon Greg Dyra, both dated April 25, 2016 (Exhs. B-C); copies of Defendants' Re-Notices of Deposition upon Dyra and Milstein, both dated July 15, 2016 (Exhs. D-E); copy of Defendant Meehan's Notices of Deposition Directed to Jason Shargel, to Joshua Weinberger, and to Lester Lipschutz, also dated July 15, 2016 (Exhs. F-H); copy of Defendant Meehan's Notice of 30(b)(6) Deposition of Cozen O'Connor, also dated July 15, 2016 (Exh. I); and copy of Non-Party Cozen O'Connor's Objections to Joseph Meehan's Subpoena, dated July 22, 2016 (Exh. J).

[2]The following five exhibits were attached: copies of emails between counsel, dated July 13, 14, 15, 20 and 25, 2016 (Exhs. A-E).

[3]Copies of the same five email strings were attached.  See note 2 supra.

In their motion, defendants argue that a nearly three month postponement of the PJR hearing is required in that plaintiff has refused to produce Greg Dyra, an independent contractor acting as plaintiff's CFO, and Nesanel Milstein, a principal of plaintiff, for depositions, without conditions to which defendants will not agree (Dkt. #118, at 2, 5-7); plaintiff has not fully complied with defendants' Request for Production (id. at 2, 5-7); plaintiff has refused to produce Attorneys Jason Shargel, Lester Lipschutz, and Joshua Weinberger, for depositions, and their law firm, Cozen O'Connor has not fully complied with a subpoena served upon it (id. at 2-3, 7-11); and both defendants Meehan and Barr intend to file counterclaims against plaintiff and to implead non-parties, and also intend to file their own set of PJR applications with respect to same (id. at 3-4, 11-12). Thus, defendants argue that they have been deprived of "meaningful discovery" prior to the PJR hearing.  (Id. at 4-5).

In sharp contrast, plaintiff represents that the parties have engaged in "extensive document discovery[,]" with more than 22,000 pages of documents having been exchanged, and "hundreds of thousands of additional documents" produced by third parties pursuant to subpoenas served upon them.  (Dkt. #120, at 5).  Specifically, plaintiff argues that defendants are not entitled to "full discovery" prior to a PJR hearing (id. at 5-7); that in the Joint Rule 26(f) Report, filed July 27, 2015 (Dkt. #36), the parties agreed that "depositions will commence no sooner than [thirty] days after the first round of document production by plaintiff and by any defendant[,]" (at 8, ¶ V.E.e); it is the defendants who have delayed the document production, and defense counsel placed unreasonable conditions upon plaintiff (Dkt. #120, at 7-11); that for the same reason, defendants' requested depositions of the Cozen O'Connor attorneys are premature (id. at 11-12); that plaintiff produced nearly 9,000

pages of documents on April 25, 2016, so that its discovery requests are hardly "deficient" and plaintiff still has until August 15, 2016 to respond to the July 15, 2016 discovery requests (id. at 12); and that defendants Meehan and Barr's "vague and belated threats" of asserting counterclaims and third party claims are untimely and do not warrant adjournment of a PJR hearing that has been "long-scheduled[.]" (Id. at 13).  Plaintiff asserts similar arguments with respect to the depositions of Milstein and Dyra, scheduled for August 1-2, 2016 (Dkt. #121, Brief at 1-8) and the depositions of the Cozen O'Connor attorneys.  (Id. at 8-10).

In their reply brief, defendants contend that they are not seeking "full-blown discovery[,]" that plaintiff is the party that delayed discovery by not serving subpoenas until July 27, that defendant Meehan produced his documents on June 16 so that the August 1-2 depositions of Dyra and Milstein are timely, that it is plaintiff's counsel who has placed unreasonable conditions upon these depositions, and that defendants only recently learned of "further grounds for counterclaims and impleader that did not exist before."  (Dkt. #122, at 1, 2-5).

The parties had three months notice of the pendency of the PJR hearing, from May 3, 2016 to August 4-5, 2016, which was more than sufficient time in which to obtain "meaningful discovery."  In addition, according to plaintiff, the parties have exchanged more than 22,000 pages of documents (9,000 pages of which were received by defendants in late April) and "hundreds of thousands" of additional documents were received as a result of subpoenas served upon third parties.  Under these circumstances, defendants can hardly argue that they are unprepared for a PJR hearing.  In addition, based upon the number of deposition notices, there is some likelihood that a two-day hearing will be insufficient to complete all the evidence, so that the hearing is likely to be continued until October 31-

4

November 1, 2016, which given this judicial officer's oppressive calendar, is the first opening for two consecutive hearing days.

Accordingly, defendants' Motion to Continue Evidentiary Hearing (Dkt. #118) is <u>denied to the extent it seeks to cancel the August 4-5 but is granted in limited part to the extent that continued hearing dates may be scheduled in late October</u>.  Plaintiff's Emergency Motion for Protective Order (Dkt. #121) is <u>denied in part to the extent that it seeks to postpone the August 1-2 depositions, but is granted to the extent that the subject matter of the depositions is limited to any issues that will be raised at the PJR hearing; in addition, counsel will not be hampered by **any** of the conditions demanded by any of the parties, and counsel may raise the requested limitations in appropriate motions to be filed with the Court during the remaining discovery period</u>.[4]

Dated at New Haven, Connecticut, this 28th day of July, 2016.


  _/s/ Joan G. Margolis, USMJ_____
  Joan Glazer Margolis
  United States Magistrate Judge

---

[4]This Magistrate Judge has been privileged to serve in her position for more than three decades, and despite witnessing attorneys behaving in a discourteous manner toward one another from time to time, is genuinely shocked and dismayed by the behavior of counsel here. The Court strongly urges counsel to work together to advance this case and to comply with the Court's scheduling orders. Counsel are forewarned that this Magistrate Judge will not hesitate to impose sanctions upon counsel, as warranted, if such behavior continues.