# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| FIH, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>FOUNDATION CAPITAL PARTNERS LLC, f/k/a FOUNDATION MANAGING MEMBER LLC; DEAN BARR; JOSEPH MEEHAN; THOMAS WARD; JOSEPH ELMLINGER,<br><br>*Defendants.* | Case No.: 3:15-cv-00785 (JBA)<br><br>Judge: Arterton<br><br>May 10, 2019<br><br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANTS' JOINT MEMORANDUM OF LAW REGARDING THIS COURT'S JURISDICTION OVER THE STATE-LAW CLAIMS

**COUNSEL FOR DEFENDANT**
**JOSEPH ELMLINGER**

By:      */s/ David Trachtenberg*
    David Trachtenberg
    Stephen Arena
    TRACHTENBERG, RODES &
    FRIEDBERG LLP
    545 Fifth Ave
    New York, NY 10017
    Telephone: (212) 972-2929
    Email: dtrachtenberg@trflaw.com
            sarena@trflaw.com

**COUNSEL FOR DEFENDANT**
**DEAN BARR**

By:      */s/ Peter Nolin*
    Peter M. Nolin (ct06223)
    CARMODY TORRANCE SANDAK
    & HENNESSEY LLP
    707 Summer Street
    Stamford, CT 06901
    Telephone: (203) 425-4200
    Email: pnolin@carmodylaw.com
            lburke@carmodylaw.com

**COUNSEL FOR DEFENDANT**
**THOMAS WARD**

By:      */s/ Stephen G. Walko*
    Stephen G. Walko
    Andrea C. Sisca
    IVEY, BARNUM & O'MARA, LLC
    170 Mason Street
    Greenwich, CT 06830
    Telephone: (203) 661-6000
    Email: swalko@ibolaw.com
            asisca@ibolaw.com

**JOSEPH MEEHAN**

By:      */s/ Joseph Meehan*
    *Pro se*
    c/o Joseph Meehan
    208 Guinea Road
    Stamford CT 06903
    Telephone: 917-399-5504
    Email: joseph.e.meehan@gmail.com

*Table of Contents*

TABLE OF AUTHORITIES ................................................................................... ii

PROCEDURAL HISTORY ....................................................................................1

ARGUMENT ..........................................................................................................2

    I.  PLAINTIFF'S STATE-LAW CLAIMS HAVE
       BEEN ABANDONED AND ARE NO LONGER
       BEFORE THE COURT ..............................................................................2

    II.  THIS COURT DOES NOT HAVE DISCRETION
        TO RESTORE PLAINTIFF'S DISMISSED AND
        ABANDONED CLAIMS ...........................................................................4

    III. IN THE ALTERNATIVE, IF THIS COURT DOES
        HAVE DISCRETION, THIS COURT'S PRIOR
        DECISION TO DECLINE SUBJECT MATTER
        JURISDICTION SHOULD NOT BE DISTURBED ...................................5

        a.  Section 1367(c)(1): There Are Novel
           Questions of State Law ....................................................................6

        b.  Section 1367(c)(2): The State-Law
           Claims Will Predominate .................................................................8

        c.  Section 1367(c)(4): Exception Circumstances /
           Other Compelling Reasons ..............................................................9

CONCLUSION .....................................................................................................10

*Table of Authorities*

**Cases**

*Basile v. Connolly,*
  538 Fed. Appx. 5, 8 (2d Cir. 2013) ................................................................................... 3

*Bell v. Keating,*
  09 C 754, 2013 WL 250627, at *4 (N.D. Ill. Jan. 18, 2013) ................................................ 5

*Carlucci v. United States,,*
  793 F. Supp. 482, 485-86 (S.D.N.Y.1992) ........................................................................ 9

*Cavanaugh v. Tripodi,*
  093348, 1990 WL 289537, at *1 (Conn. Super. Ct. Oct. 3, 1990) ...................................... 7

*Connecticut Nat. Bank v. Giacomi,*
  242 Conn. 17, 67 (1997) .............................................................................................. 6, 7

*Desaulniers v. Desaulniers,*
  3:13-CV-01899-WWE, 2014 WL 4536634, at *2 (D. Conn. Sept. 11, 2014) ...................... 8

*Eason v. Thaler,*
  73 F.3d 1322, 1329 (5th Cir. 1996) ..................................................................................... 5

*Easton LLC v. Inc. Vil. Of Muttontown,*
  505 Fed. Appx. 66, 67 (2d Cir. 2012) .................................................................................. 4

*Fabrikant v. French,*
  691 F.3d 193, 202 (2d Cir. 2012) ........................................................................................ 3

*Foster v. New England Fin. Group, Inc.,*
  159 F.3d 1346 (2d Cir. 1998) .............................................................................................. 8

*Gannett Co., Inc. v. Register Pub. Co.,*
  428 F Supp 818, 829 (D. Conn. 1977) ................................................................................ 7

*Gonzalez v. Hasty,*
  05 CIV. 6076 RMB RLE, 2012 WL 1711136, at *2 (S.D.N.Y. May 11, 2012) .................... 5

*Graves v. Goodnow Flow Assn., Inc.,*
  746 Fed. Appx. 45, 48 (2d Cir. 2018) .................................................................................. 3

*Hays County Guardian v. Supple,*
  969 F.2d 111 (5th Cir.1992), *cert. denied,* 506 U.S. 1087 (1993) ........................................ 9

*Ienco v. Angarone,*
 429 F.3d 680, 685 (7th Cir. 2005) .................................................................................. 5

*JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.,*
 412 F.3d 418, 428 (2d Cir. 2005) .................................................................................... 3

*Kavowras v. New York Times Co.,*
 328 F.3d 50, 57 (2d Cir. 2003) ........................................................................................ 4

*Knipe v. Skinner,*
 999 F.2d 708, 711 (2d Cir. 1993) .................................................................................... 3

*Kroshnyi v. U.S. Pack Courier Servx., Inc.,*
 771 F.3d 93, 102 (2d Cir. 2014) ...................................................................................... 6

*Kruse v. Wells Fargo Home Mortgage, Inc.,*
 383 F.3d 49, 62 (2d Cir.2004) ......................................................................................... 4

*Master-Halco, Inc. v. Scillia Dowling & Natarelli, LLC,*
 739 F. Supp. 2d 109, 124-25 (D. Conn. 2010) ............................................................ 7, 8

*O'Hara v. Weeks Marine, Inc.,*
 294 F.3d 55, 67 n. 5 (2d Cir. 2002) ................................................................................. 3

*Padilla v. City of Saginaw,*
 867 F. Supp. 1309 (E.D. Mich. 1994) ............................................................................. 9

*Philip Morris Inc. v. Heinrich,*
 No. 95-0328, 1998 WL 122714, at *2 (S.D.N.Y.1998) .............................................. 9, 10

*Rivera v. Rochester Genesee Regional Transp. Auth.,*
 702 F.3d 685, 701 (2d Cir. 2012) .................................................................................... 4

*Rothernberg v. Daus,*
 481 Fed. Appx. 667, 677 (2d Cir. 2012) .......................................................................... 4

*Russell v. Dean Witter Reynolds, Inc.,*
 200 Conn. 172, 196 (1986) .............................................................................................. 6

*Schindler v. French,*
 232 Fed. Appx. 17, 20 (2d Cir. 2007) .............................................................................. 4

*Terranova v. New York,*
 144 Fed. Appx. 143, 147 (2d Cir 2005) ........................................................................... 4

*United Mine Workers of Am. v. Gibbs,*
  383 U.S. 715, 726 (1966) .................................................................................................. 8

*United States v. Ben Zvi,*
  242 F.3d 89, 95 (2d Cir. 2001) ......................................................................................... 5

*Webster Bank, N.A. v. GFI Groton, LLC,*
  157 Conn. App. 409, 424 (2015) ...................................................................................... 7

*Young v. Bank of Boston Connecticut,*
  3:93cv1642 (AVC), 1996 WL 756504, at *3 (D. Conn. June 18, 1996) ................................ 8

**Other Authorities**

28 U.S.C. § 1367 ................................................................................................... 5, 6, 8, 9, 10

Conn. Gen. Stat. Sec. 36b-29(a) and (c) ............................................................................ 1, 7

Conn. Gen. Stat. Sec. 36b-2 to 36b-34 .................................................................................. 6

Conn. Gen. Stat. Sec. 36b-29(h) ............................................................................................ 6

Conn. Gen. Stat. Sec. 36b-4 .................................................................................................. 7

Securities Exchange Act of 1934 § 10(b) ........................................................................... 6, 7

Securities and Exchange Commission Rule 10b-5 ....................................................... 1,5,7,9

Defendants Dean Barr ("Barr"), Joseph Meehan ("Meehan"), Thomas Ward ("Ward"), and Joseph Elmlinger ("Elmlinger") (collectively, the "Defendants") respectfully submit this memorandum of law to address whether this Court has discretion to maintain supplemental jurisdiction over Plaintiff FIH, LLC's ("FIH") state law claims, and if so, whether this Court should exercise that discretion to hear the state law claims.

As detailed below, Plaintiff's state law claims are no longer before this Court. This is because FIH did not challenge the dismissal of the state law claims on appeal, thus abandoning them. Nor does this Court have discretion to disregard the mandate issued by the Second Circuit by reviving Plaintiff's abandoned claims. Since the Second Circuit did not vacate the dismissal of Plaintiff's state law claims, any further consideration of such claims would be beyond the scope of the remand.

Alternatively, if this Court has discretion to revive its supplemental jurisdiction over Plaintiff's state law claims, it should not do so. This Court has already exercised its discretion not to retain the state law claims. The remand of Plaintiff's federal 10b-5 claim is not by itself a good enough reason to abandon this Court's prior determination that "the values of judicial economy, convenience, fairness, and comity would best be served by declining to exercise supplemental jurisdiction over the remaining state law claims and permitting Plaintiff to refile those claims in state court, where the related matter remains pending."

## PROCEDURAL HISTORY

Plaintiff has alleged a 10b-5 claim and five Connecticut statutory and common law claims: violation of the Connecticut Uniform Securities Act, Conn. Gen. Stat. Sec. 36b-29(a) and (c) ("CUSA"); intentional misrepresentation; fraudulent inducement; negligent misrepresentation; and unjust enrichment (the "State-Law Claims").

1

On January 31, 2018 this Court issued a decision: (1) granting Defendants' Motions for Summary Judgment as to Plaintiff's federal claim; (2) dismissing Plaintiff's State-Law Claims for lack of subject matter jurisdiction; and (3) denying Plaintiff's cross- motion for summary judgment. (the "SJ Decision") (Dkt. No. 210), pp. 1, 35.

On February 1, 2018 this Court issued a judgment that "ORDERED, ADJUDGED, and DECREED that judgment is entered in favor of the Defendants as to Plaintiff's federal claim." Dkt. No. 211 (the "Judgment"). No judgment was entered with respect to Plaintiff's State-Law Claims. Rather, they were simply dismissed for lack of subject matter jurisdiction. *Id*.

Plaintiff appealed. In its Appellate Brief, Plaintiff addressed a) the portion of the SJ Decision granting the Defendants' motions for summary judgment as to Plaintiff's federal claim, and b) this Court's exercise of discretion not to consider Plaintiff's expert report. *See* Exh. A (the "Appellate Brief"). Plaintiff's Appellate Brief did not challenge this Court's dismissal of the State-Law Claims for lack of subject matter jurisdiction. *Id*.

On April 1, 2019 the Second Circuit vacated "the judgment of the district court granting summary judgment in favor of appellees" and remanded for further proceedings. *See* Exh. B (the "Appellate Decision"). The Appellate Decision did not address this Court's subject matter jurisdiction over Plaintiff's State-Law Claims.

**ARGUMENT**

I. **PLAINTIFF'S STATE-LAW CLAIMS HAVE BEEN ABANDONED AND ARE NO LONGER BEFORE THIS COURT**

The Second Circuit did not vacate or otherwise address this Court's dismissal of the State-Law Claims. Rather, it merely "VACATE[D] the judgment of the district court granting summary judgment in favor of appellees" as to Plaintiff's federal claim, and "REMAND[ED] for further proceedings." This is not surprising. Although Plaintiff appealed this Court's other

2

discretionary decision respecting Plaintiff's expert report, Plaintiff did not appeal the dismissal of the State-Law Claims.

It is well-settled that where a party fails to challenge the dismissal of state law claims on appeal, those claims are deemed abandoned and are no longer part of the action. *Graves v. Goodnow Flow Assn., Inc.*, 746 Fed. Appx. 45, 48 (2d Cir. 2018) ("Graves has abandoned any challenges to the district court's dismissal of his claims against Ludemann and its decision not to exercise supplemental jurisdiction over his state law claims by failing to raise them on appeal."); *Basile v. Connolly*, 538 Fed. Appx. 5, 8 (2d Cir. 2013) ("Further, Basile has abandoned any challenge to the dismissal of his state law claims by failing to raise it in his brief on appeal."); *Fabrikant v. French*, 691 F.3d 193, 202 (2d Cir. 2012) ("Fabrikant's Notice of Appeal purports to challenge the district court's dismissal of her 'numerous claims and case.' But in her appellate brief, Fabrikant does not challenge the district court's decision not to exercise supplemental jurisdiction over her pendent state-law claims. Accordingly, she has abandoned those claims.").[1]

Given that: (1) the grant of summary judgment related only to Plaintiff's federal claim; (2) the entry of judgment related only to Plaintiff's federal claim; (3) the Plaintiff abandoned its State-Law Claims; and (4) the Appellate Decision vacated only the judgment of the district court granting summary judgment in favor of appellees as to Plaintiff's federal claim, the Second Circuit's remand can have related only to "Plaintiff's federal claim."

Since Plaintiff's State-Law Claims have been abandoned and are no longer part of this action, only the federal claim is before this Court for further proceedings.

---

[1] Plaintiff's anticipated argument that it cursorily mentioned the dismissal of its State-Law Claims in its Pre-Argument Statement and in the last sentence of its appellate reply brief fails. In order to be preserved, an argument must be made in appellant's opening brief. *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("We begin by observing that arguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief. *See, e.g., O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 67 n. 5 (2d Cir.2002); *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir.1993).").

3

## II. THIS COURT DOES NOT HAVE DISCRETION TO RESTORE PLAINTIFF'S DISMISSED AND ABANDONED CLAIMS

If the Second Circuit had intended for this Court to reconsider its supplemental jurisdiction decision on remand, it could and would have given that instruction, as it has done in countless other cases. *See, e.g.*, *Rivera v. Rochester Genesee Regional Transp. Auth.*, 702 F.3d 685, 701 (2d Cir. 2012) ("we vacate the District Court's dismissal of Talton's federal claims under Title VII and Section 1981, we also vacate the judgment of the District Court dismissing Talton's state law claims."); *Easton LLC v. Inc. Vil. of Muttontown*, 505 Fed. Appx. 66, 67 (2d Cir. 2012) ("we hereby AFFIRM the judgment of the district court to the extent it dismissed Easton's federal claims, VACATE the judgment to the extent it dismissed Easton's state law claims, and REMAND for further consideration of the state law claims."); *Schindler v. French*, 232 Fed. Appx. 17, 20 (2d Cir. 2007) ("we also vacate the dismissal of plaintiffs state law claims"); *Terranova v. New York*, 144 Fed. Appx. 143, 147 (2d Cir 2005) ("we vacate the District Court's dismissal of Plaintiffs' state law claims and remand to the District Court for reconsideration of whether to exercise jurisdiction."); *Rothenberg v. Daus*, 481 Fed. Appx. 667, 677 (2d Cir. 2012), *as amended* (July 27, 2012) ("we also vacate the dismissal of the state law claims"); *Kruse v. Wells Fargo Home Mortgage, Inc.,* 383 F.3d 49, 62 (2d Cir.2004) (vacating the district court's dismissal of the plaintiffs' state law claims after vacating the district court's dismissal of federal claims "so that the district court may, in its discretion, exercise supplemental jurisdiction") (citations omitted); *Kavowras v. New York Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003) ("Because we remand a federal claim to the district court, we also vacate the court's dismissal of the state law claims.").

In the absence of such an instruction, and given that the State-Law Claims were abandoned, this Court does not have discretion to restore them to its calendar. District courts are

4

bound by and may not exceed the circuit court's mandate. *See* Mandate at Exh. B, p.1. *See, e.g., Gonzalez v. Hasty*, 05 CIV. 6076 RMB RLE, 2012 WL 1711136, at *2 (S.D.N.Y. May 11, 2012) ("the mandate rule forecloses litigation of issues decided by the district court but foregone on appeal.") (citations omitted); *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001). *See also Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir. 1996) ("he did not, however, raise this issue in his original appeal to this Court. We hold that the district court exceeded the scope of the remand in addressing this abandoned issue."); *Bell v. Keating*, 09 C 754, 2013 WL 250627, at *4 (N.D. Ill. Jan. 18, 2013) ("There are two major limitations on the scope of a remand. First, any issue that could have been but was not raised on appeal is waived and thus not remanded.") (citations omitted). *See also Ienco v. Angarone*, 429 F.3d 680, 685 (7th Cir. 2005) ("On appeal, in *Ienco IV*, Ienco did not challenge the district court's finding….As a result, Ienco has abandoned his claims under the Fourth Amendment and cannot revive them now.").

In short, as Plaintiff's State-Law Claims are beyond the scope of the Second Circuit's remand and mandate, this Court does not have discretion to restore them in this action.

### III. IN THE ALTERNATIVE, IF THIS COURT DOES HAVE DISCRETION, THIS COURT'S PRIOR DECISION TO DECLINE SUBJECT MATTER JURISDICTION SHOULD NOT BE DISTURBED

In the alternative, this Court has already exercised its discretion not to consider the State-Law Claims. The Second Circuit's reversal of this Court's grant of summary judgment to Defendants on Plaintiff's 10b-5 claim does not require or provide a sufficient reason for this Court to reverse itself.

Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction under any one of the following circumstances: (1) the claim raises a novel or complex issue of state law, (2) the state claim substantially predominates over the federal claim,

5

(3) the district court has dismissed the federal claim, or (4) there are exceptional circumstances and other compelling reasons for declining jurisdiction. *See* 28 U.S.C. § 1367.

This Court previously declined to exercise subject matter jurisdiction over the State-Law Claims not only because it had dismissed the federal claim, but also because "novel questions of state law" might arise, the briefing on the State-Law Claims was perfunctory, and an overlapping state court action was already pending where Plaintiff could refile its State-Law Claims. *See* SJ Decision, p. 33.

Additionally, this Court made the conclusive determination that "the values of judicial economy, convenience, fairness, and comity" would be best served by declining to exercise supplemental jurisdiction over the State-Law Claims. *Id. See also Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014) (citation omitted).

    a. **Section 1367(c)(1): There Are Novel Questions of State Law**

As this Court has already pointed out, there are "substantial differences in the elements of a claim under § 10(b) of the Securities Exchange Act of 1934 and the elements of the state statutory and common law claims at issue here." *See* SJ Decision, p. 33. That has not changed since the remand.

CUSA is a manifestly complicated body of Connecticut statutory law. *See Russell v. Dean Witter Reynolds, Inc.*, 200 Conn. 172, 196 (1986) ("suits under CUSA are often long, complex, and prohibitively expensive"). Among other things, the Defendants will be entitled to raise various defenses under CUSA that are not applicable to Plaintiff's Section 10(b) claim, including that Plaintiff's CUSA claims will be barred if the Defendants are able to establish that Plaintiff violated "any provision of sections 36b-2 to 36b-34, inclusive, or any regulation or order thereunder". Conn. Gen. Stat. § 36b-29(h). *See also Connecticut Nat. Bank v. Giacomi*,

6

242 Conn. 17, 67 (1997) (where "the plaintiff's conduct constituted a violation of CUSA….the plaintiff may not maintain an action").[2]

In addition, although Plaintiff does not raise control person or aiding abetting claims under the federal securities laws, Plaintiff is pursuing such claims under CUSA § 36b-29 (c). *See* Second Am. Compl., (Dkt. No. 88), p. 50. The secondary liability claims under CUSA contemplate additional elements, defenses and evidentiary issues that would not require adjudication under Rule 10b-5. For example, Plaintiff will be required under CUSA to demonstrate the level of assistance each Defendant provided in connection with the alleged fraud and the specific control each Defendant had over each other Defendant, among other things. *Giacomi*, 242 Conn. at 47.

Similarly, the inclusion of the State-Law Claims will require analysis of state law regarding both loss mitigation and rescission. This analysis will differ from the analysis of loss causation and rescission under Section 10(b). *See, e.g.*, *Webster Bank, N.A. v. GFI Groton, LLC*, 157 Conn. App. 409, 424 (2015); *Gannett Co., Inc. v. Register Pub. Co.*, 428 F Supp 818, 829 (D. Conn. 1977).

Likewise, Plaintiff's common law unjust enrichment claim will require analysis of various equitable considerations including, fairness, justice, and conscionability as well as the value of the work provided by the Defendants in consideration of the negotiated salaries they earned. *Cavanaugh v. Tripodi*, 093348, 1990 WL 289537, at *1 (Conn. Super. Ct. Oct. 3, 1990).

Finally, there are different evidentiary standards between the state law fraud claims and the Section 10(b) claim. Unlike Section 10(b), any civil fraud claim under Connecticut law requires a demonstration of "clear and convincing evidence." *See Master-Halco, Inc. v. Scillia*

---

[2] Buyers of securities, such as the Plaintiff, are prohibited under CUSA from "directly or indirectly engag[ing] in any dishonest or unethical practice". Conn. Gen. Stat. § 36b-4. The CUSA case within the case thus will entail proving that Plaintiff engaged in a series of dishonest and unethical practices.

*Dowling & Natarelli, LLC*, 739 F. Supp. 2d 109, 124–25 (D. Conn. 2010) ("this Court concludes that 'the appropriate standard of proof for the party who seeks to prevail in a civil fraud action'—regardless of the form the allegations take or the party that raises them—'is clear and convincing evidence.'"). For that reason alone, this Court will be acting well within its discretion by continuing to decline to exercise subject matter jurisdiction over the State-Law Claims. *See Foster v. New England Fin. Group, Inc.*, 159 F.3d 1346 (2d Cir. 1998) ("the court reasoned, the disparate proof and remedies of the state and federal claims would likely result in confusion and in the state claim predominating at trial. We are unable to discern an abuse of discretion in either the district court's finding of prejudice or in its reasons for declining supplementary jurisdiction.").

Where, as here, there are novel and complex issues of state law, the district courts are encouraged to relinquish jurisdiction over claims that may be heard more appropriately in state court. *Young v. Bank of Boston Connecticut*, 3:93cv1642 (AVC), 1996 WL 756504, at *3 (D. Conn. June 18, 1996).

b. **Section 1367(c)(2): The State-Law Claims Will Predominate**

Where state law claims predominate and a sole federal claim remains, district courts are well within their discretion to dismiss the state law claims and retain the sole federal claim. *Desaulniers v. Desaulniers*, 3:13-CV-01899-WWE, 2014 WL 4536634, at *2 (D. Conn. Sept. 11, 2014).

The courts in this District and the United State Supreme Court have recognized that a district court should avoid rendering decisions of state law where it is not absolutely necessary. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring

for them a surer-footed reading of applicable law….Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised…the state claims may be dismissed without prejudice and left for resolution to state tribunals.").

Here, five out of six of Plaintiff's claims are state common law or statutory claims. Adjudicating: (1) the Defendants' CUSA litigation bar theory; (2) Plaintiff's CUSA aiding and abetting theory; (3) Plaintiff's CUSA control person theory; (4) the different elements of CUSA, intentional misrepresentation, fraudulent inducement, negligent misrepresentation, and unjust enrichment as compared to the elements of Rule 10b-5; (5) the clear and convincing standard of proof for fraud in Connecticut vs. the preponderance standard applicable to Section 10(b); (6) Plaintiff's failure to mitigate damages for six (6) months; and (7) the various equitable considerations associated with Plaintiff's unjust enrichment claim, assures that the State-Law Claims will predominate at trial.

### c. Section 1367(c)(4): Exceptional Circumstances / Other Compelling Reasons

Federal courts have declined to exercise supplemental jurisdiction under Section 1367(c)(4) in a variety of circumstances, including where litigation of state claims in the federal forum would create jury confusion because the state and federal claims rely on different legal standards or theories, *Padilla v. City of Saginaw*, 867 F. Supp. 1309 (E.D. Mich. 1994); adjudication of the state claims would disrupt the adjudication of the primary claim, *Carlucci v. United States*, 793 F. Supp. 482, 485-86 (S.D.N.Y.1992); and the claims raised in parallel state and federal actions are duplicative and the exercise of federal jurisdiction would frustrate judicial economy. *Hays County Guardian v. Supple*, 969 F.2d 111 (5th Cir.1992), *cert. denied*, 506 U.S. 1087 (1993). *See also Philip Morris Inc. v. Heinrich*, No. 95-0328, 1998 WL 122714, at *2 (S.D.N.Y.1998) (declining to extend supplemental jurisdiction pursuant to § 1367(c)(4) where

there was "another action in existence in a New Jersey state court, addressing the same claims as those alleged in Besen's third-party complaint.").

As the Court knows, a related action "is now pending in the Connecticut State Superior Court". *See* SJ Decision, p. 34. In connection with that related action, Plaintiff has recently sought reargument regarding the denial of its prior motion to stay the state court action. *See* Exh. C. In doing so, Plaintiff categorically advised the state court that the State-Law Claims would be heard in this Court. *Id*. At best, such advice to the state court was premature. At worst, it was highly disingenuous. At a minimum, Plaintiff should have sought a determination from this Court as to the issues currently at bar before advising the state court that the State-Law Claims would be heard in this Court.

The requirements of § 1367 are easily met where, as here, there are novel questions of state law, disparate standards of proof, state law claims that will manifestly predominate at trial and a related action already pending in state court. Particularly given that the Plaintiff has treated the State-Law Clams in a "perfunctory" manner, this Court should not reverse itself in connection with its prior exercise of discretion to decline to assert supplemental jurisdiction over the State-Law Claims.

In short, this Court will be acting well within its discretion by declining to retain jurisdiction over the State-Law Claims.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully submit that Plaintiff's State-Law Claims have been abandoned and are not before the Court in this action, or in the alternative, that this Court should continue to decline to exercise supplemental jurisdiction over Plaintiff's State-Law Claims.

Respectfully Submitted,

**COUNSEL FOR DEFENDANT THOMAS WARD**

By:      */s/ Stephen G. Walko*
Stephen G. Walko
Andrea C. Sisca
IVEY, BARNUM & O'MARA, LLC
170 Mason Street
Greenwich, CT 06830
Telephone: (203) 661-6000
Email: swalko@ibolaw.com
       asisca@ibolaw.com

**COUNSEL FOR DEFENDANT JOSEPH ELMLINGER**

By:      */s/ David Trachtenberg*
David Trachtenberg
Stephen Arena
TRACHTENBERG, RODES & FRIEDBERG LLP
545 Fifth Ave
New York, NY 10017
Telephone: (212) 972-2929
Email: dtrachtenberg@trflaw.com
       sarena@trflaw.com

Andrew M. Zeitlin
(Fed. Bar No. ct21386)
SHIPMAN & GOODWIN LLP
300 Atlantic Street
Stamford, CT 06901
Telephone: (203) 324-8100
Email: azeitlin@goodwin.com

**JOSEPH MEEHAN**

By:      */s/ Joseph Meehan*
*Pro se*
c/o Joseph Meehan
208 Guinea Road
Stamford CT 06903
Telephone: 917-399-5504
Email: joseph.e.meehan@gmail.com

**COUNSEL FOR DEFENDANT DEAN BARR**

By:      */s/ Peter Nolin*
Peter M. Nolin (ct06223)
CARMODY TORRANCE SANDAK & HENNESSEY LLP
707 Summer Street
Stamford, CT 06901
Telephone: (203) 425-4200
Email: pnolin@carmodylaw.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this date, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

Dated:  Stamford, Connecticut
         May 10, 2019

                                                    <u>/s/ Andrew Zeitlin</u>
                                                    Andrew Zeitlin