UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **FIH, LLC**<br><br>        **Plaintiff,**<br><br>- against -<br><br>**FOUNDATION CAPITAL PARNERS LLC, f/k/a FOUNDATION MANAGING MEMBER LLC; DEAN BARR; JOSEPH MEEHAN; THOMAS WARD; and JOSEPH ELMLINGER,**<br><br>        **Defendants.** | Case No. 3:15-cv-00785 (JBA)<br><br><br><br>MAY 10, 2019<br><br>ORAL ARGUMENT REQUESTED |

**PLAINTIFF'S MEMORANDUM OF LAW ADDRESSING
THE SECOND CIRCUIT MANDATE REINSTATING THE STATE LAW CLAIMS**

Samuel J. Lieberman (phv08633)
Ben Hutman (phv08726)
SADIS & GOLDBERG LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 573-8164
*Attorneys for Plaintiff, FIH LLC*

{00371937.DOCX; 2}

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

I.   THE SECOND CIRCUIT'S MANDATE UNAMBIGUOUSLY VACATED THE DISTRICT COURT'S JUDGMENT DISMISSING FIH'S STATE LAW CLAIMS, DESPITE DEFENDANTS' WAIVER ARGUMENT ON APPEAL ................2

II.  WAIVER IS ALSO DEFEATED BY BINDING PRECEDENT HOLDING THAT REINSTATING FEDERAL CLAIMS ALSO REINSTATES SUPPLEMENTAL STATE CLAIMS BASED ON THE SAME FACTS – REGARDLESS OF HOW WELL PRESENTED ON APPEAL – AND BY FIH RAISING STATE LAW CLAIMS IN ITS OPENING BRIEF, REPLY BRIEF AND NOTICE OF APPEAL ...................................................................................................................................5

III. THE SECOND CIRCUIT MANDATE PRECLUDES THIS COURT FROM USING A NEW ALTERNATIVE GROUND TO DENY SUPPLEMENTAL JURISDICTION GROUND, AND SUCH JURISDICTION IS IN ANY EVENT MANDATORY BECAUSE IT IS UNDISPUTED THAT FIH'S STATE LAW CLAIMS ARISE FROM THE SAME OPERATIVE FACTS AS THE FEDERAL CLAIM ...............................................................................................................................7

CONCLUSION ..............................................................................................................................10

**PRELIMINARY STATEMENT**

The Second Circuit's mandate unambiguously vacated this Court's entire February 1, 2018 judgment, including its ruling that FIH, LLC's ("FIH") "state-law claims are dismissed for lack of subject matter jurisdiction" due to dismissal of the federal claims. (Dkt. 211.) The mandate broadly covers the entire judgment, and thus reinstates FIH's state law claims. It states:

> IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the district court is VACATED and the case is REMANDED for further proceedings consistent with this Court's opinion. (Dkt. No. 218.)

This is also plain from the Second Circuit expressly referencing the ruling declining "to exercise supplemental jurisdiction over [the] state-law claims" as part of the judgment addressed by "[t]his appeal." *FIH, LLC v. Foundation Capital P'rs LLC*, 920 F.3d 134, 140 (2d Cir. 2019). This reference is key, since the Second Circuit made it in the context of stating that *two other issues* are "not challenged on appeal." *Id.* at 139-40 & n.6. If supplemental jurisdiction was not covered by the mandate, the Second Circuit would have said so right there. But it did not.

In contrast, Defendants' waiver argument that it argued and lost on appeal "mistakes the requirements of the mandate rule with waiver." *Statek Corp. v. Development Specialists, Inc., (In re Coudert Bros. LLP)*, 809 F.3d 94, 99 (2d Cir. 2015). *Coudert* rejected a similar waiver argument that a remanded claim was "not 'squarely presented'" on appeal, holding that the "mandate impliedly decide[d]" the issue, "even if" the scope was not "made explicit." *Id.* at 101-02.

Defendants' argument is also precluded by binding Second Circuit precedent that reinstating "federal causes of action" means that "state law claims" dismissed for "want of supplemental jurisdiction" "must be reinstated" – even if they were not fully briefed on appeal. *Velez v. Levy*, 401 F.3d 75, 102 (2d Cir. 2005). That is required under *Caiola v. Citibank, N.A., New York*, 295 F.3d 312, 331 (2d Cir. 2002), where the Court's federal claim ruling also "reinstate[d] his state law claims," that were "part of the same … controversy." *Id.* at 331. And

{00371937.DOCX; 2}

there is no credible claim of waiver, since FIH addressed supplemental jurisdiction on appeal in its Opening Brief (at 1, 15 n.10, 42), Reply Brief (at 28), and Notice of Appeal (Dkt. #212).

*Finally*, the mandate's "specific" terms and the "spirit of the mandate" preclude this Court from considering "alternative, dispositive bases" for denying supplemental jurisdiction. *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.,* 671 F.3d 261, 270-71 (2d Cir. 2012). Further, no other basis under 28 U.S.C. § 1367(c) could apply, given this Court's prior dismissal of parts of the state law claims based on the same facts and Defendants' own admissions that same standards apply to the Connecticut Uniform Securities Act ("CUSA") claims.

## ARGUMENT

### I. THE SECOND CIRCUIT'S MANDATE UNAMBIGUOUSLY VACATED THE DISTRICT COURT'S JUDGMENT DISMISSING FIH'S STATE LAW CLAIMS, DESPITE DEFENDANTS' WAIVER ARGUMENT ON APPEAL

As a matter of law, the Second Circuit's mandate vacated this Court's entire February 1, 2018 Judgment, including the part ruling that "Plaintiff's state-law claims are dismissed for lack of subject matter jurisdiction" (Dkt. No. 211). The mandate broadly addresses the entire judgment:

> IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the district court is VACATED and the case is REMANDED for further proceedings consistent with this Court's opinion. (Dkt. No. 218.)

This mandate is unambiguous, because it vacates the February 1, 2018 judgment entirely, without any qualification or restriction. The Second Circuit did not exclude the state law claims.

The Second Circuit expressly referenced "supplemental jurisdiction" in describing the judgment under appeal:

> "the district court granted defendants' motions for summary judgement as to FIH's federal securities law claims, ***and declined to exercise supplemental jurisdiction over its state-law claims***…. This appeal followed." *FIH, LLC*, 920 F.3d at 140 (emphasis added).

The Second Circuit also expressly referenced FIH's claims under "the Connecticut Securities Act,

and Connecticut common law" in its opening paragraph summarizing the appeal, which it ended by stating "we VACATE and REMAND." *Id.* at 136. The context of these express statements makes plain that the mandate vacates this Court's dismissal of the state law claims as well.

Indeed, it is particularly plain that the mandate covers supplemental jurisdiction from the Second Circuit expressly referencing supplemental jurisdiction as part of the judgment under appeal, *while expressly stating that two other issues were not part of the appeal.* On the same page that the Second Circuit discussed supplemental jurisdiction in the judgment, it noted that "FIH does not appeal from the district court's denial of [FIH's] motion" for "summary judgment." *Id.* at 140 n.6. In the same section, the Second Circuit stated that this Court's prior motion to dismiss ruling is "not challenged on appeal by FIH." *Id.* at 139. That it made no similar disclaimer of supplemental jurisdiction claims proves those claims are covered by the mandate.

It is well-settled that a "district court must follow 'both the specific dictates of the remand order as well as the broader spirit of the mandate.'" *In re Coudert Bros. LLP*, 809 F.3d 94, 99 (2d Cir. 2015) (quoting *U.S. v. Ben Zvi,* 242 F.3d 89, 95 (2d Cir.2001)). This precludes litigation "both of 'matters expressly decided'" and "'issues impliedly resolved by the appellate court" because they are "'necessarily implied' by" the mandate. *Id.* at 99 (quoting *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 175 (2d Cir. 2014). Where the mandate "impliedly decided" an issue through a remand, that issue is reinstated, even over an argument of "waiver." *Id.* at 101.

In *Coudert*, the Second Circuit reversed a lower court's ruling that a claim that was previously reversed and remanded could be dismissed yet again based on an "alternative holding" that the claim had been "waive[d]." *Id.* at 102. The Second Circuit had initially reversed and remanded on the merits a lower court's ruling that a bankruptcy court was not a "transferee court" for purposes of "choice of law rules" – but it "did not, however, specifically address" an alternative

holding that the argument was waived. *Id.* at 97. On remand, the lower court "ordered additional briefing" and dismissed yet again based on an alternative holding of waiver. *Id.* On appeal, the Second Circuit *reversed again*, holding that its "mandate impliedly decide[d]" the waiver issue by remanding the claim initially, "even if" that resolution was not "made explicit." *Id.* at 101-02.

In so doing, *Coudert* squarely rejected the defendants' argument that the mandate did impliedly decide waiver, since it "was not 'squarely presented'" by the initial appeal. *Id* at 101. The Second Circuit held that "**this argument mistakes the requirements of the mandate rule with waiver**." *Id.* at 101 (emphasis added). The Court reasoned that the lower court's ruling was "impliedly rejected by the appellate court mandate," because the "factual predicates of" the ruling was impliedly rejected, even if the ruling was "not explicitly raised on direct appeal." *Id.*

*Coudert* is directly on point and should govern. As in *Coudert*, the "mandate" rule defeats any suggestion of waiver because the mandate itself unambiguously reinstates the state court claims. *Id.* Further, as in *Coudert*, the Second Circuit's ruling rejected the "factual predicates of" this Court's denial of supplemental jurisdiction by expressly rejecting the prior ruling on the federal claims. *Id.* Accordingly, FIH's state law claims are conclusively reinstated under *Coudert*.

Notably, *Coudert* itself confirmed that the implied mandate rule applies to a "general" instruction identical to the mandate here, i.e., remanding "'for further proceedings not inconsistent with this opinion.'" *Id.* at 101 (quoting *Kerman v. City of N.Y.*, 261 F.3d 229, 245 (2d Cir. 2001) (relied upon by 374 F.3d 93, 111 (2d Cir. 2004), *vacating* 2003 WL 328297 (S.D.N.Y. Feb. 11, 2003). In *Kurman*, the Second Circuit held that a prior ruling that genuine issues of fact precluded summary judgment as to qualified immunity implicitly applied to a separate legal issue as to whether the right at issue was clearly decided. 374 F.3d at 111. The Court held that its prior ruling

"necessarily rejected" the separate issue, because otherwise, "we would have affirmed the grant of summary judgment" on that issue. *Id.*  Like *Coudert*, *Kerman* is directly on point and governs.

*Finally*, the conclusion that the mandate applies to reinstate the state law claims is compelling, because the Second Circuit was "fully aware of the" Defendants' waiver argument "and could have adopted it—but [] did not." *Coudert*, 809 F.3d at 101.  Defendants argued in their Appellees' Brief that "FIH does not challenge the dismissal of its state law claims." (*FIH, LLC*, No. 18-357, Dkt No. 61, at 4 n.5.)  FIH refuted that argument in its Reply Brief, making clear that its arguments to reverse "the judgment of" this Court "includes the state law claims, which were dismissed only because of the federal claim dismissal. (*Id.* Dkt. 85 at 28.)

Accordingly, the Second Circuit knew of the waiver argument, yet still reinstated the state law claims.  The Second Circuit's mandate reinstated the state law claims, rendering the dismissal by this court's judgment "null and void." *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996).[1]

## II. WAIVER IS ALSO DEFEATED BY BINDING PRECEDENT HOLDING THAT REINSTATING FEDERAL CLAIMS ALSO REINSTATES SUPPLEMENTAL STATE CLAIMS BASED ON THE SAME FACTS – REGARDLESS OF HOW WELL PRESENTED ON APPEAL – AND BY FIH RAISING STATE LAW CLAIMS IN ITS OPENING BRIEF, REPLY BRIEF AND NOTICE OF APPEAL

In addition to the mandate rule, Defendants' re-litigated waiver argument is refuted by binding Second Circuit precedent, and by FIH expressly raising state law claims as part of its appeal.  FIH's Opening Brief expressly raised (i) "jurisdiction … under 28 U.S.C. §[] 1367," (ii) this Court's decision declining "exercise jurisdiction over FIH's state law claims," and (iii) sought reversal of the entire "judgment of the Court below," which included state law claims. (Appellant's Br., 2018 WL 2018 WL 2018001, at *1, *15 n.10, *42 (Apr. 27, 2018). FIH's Reply

---

[1] This is not a case where the Court carved out the state law issues by stating "we express no view on them." *Coudert Bros.*, 809 F.3d at 102.  Nor is this a case where the Second Circuit entirely failed to mention supplemental jurisdiction over the state law claims or a case where supplemental jurisdiction was not previously addressed below.

Brief specifically asked the Second Circuit to "reverse the judgment of the Court below," which "includes the state law claims, which were dismissed only because of the federal claim dismissal." (Appellant's Reply Br., 2018 WL 4007882 at *28 (Aug. 13, 2018).)  And FIH's Notice of Appeal specifically raised this Court's judgment "dismissing Plaintiff's state law claims for lack of subject matter jurisdiction."  (Dkt. No. 212, at 1)   Thus, Plaintiff's raised this issue above.

Indeed, Defendants' already litigated and lost this issue before the Second Circuit.  They argued above that "FIH does not challenge the dismissal of the state law claims."  (*FIH, LLC*, No. 18-357, Dkt. No. 61, at 4 n.5.)  But the Second Circuit implicitly rejected this argument, by vacating the entire judgment and reinstating the state law claims.  If Defendants did not like that ruling, they were free to petition for rehearing under Fed. R. App. 40.  They did not.  So they are precluded from re-litigating that argument again before this Court.

More importantly, binding precedent holds that where a Second Circuit ruling reinstates "federal causes of action," then any "state law claims" dismissed for "want of supplemental jurisdiction" – due to the vacated federal dismissal – "must be reinstated," even where supplemental jurisdiction was not specifically presented on appeal.  *Velez v. Levy*, 401 F.3d 75, 102 (2d Cir. 2005).  In *Velez*, the Second Circuit held that plaintiffs' supplemental state law claims "must be reinstated" because the Court had "Vacated" federal claims arising from the same facts – and state supplemental jurisdiction dismissal had been based on the federal dismissal.  *Id.*  The Court held that the supplemental state law claims are automatically reinstated, even though the Plaintiff did not invoke Second Circuit jurisdiction under § 1367, or otherwise separately argued her state law claims.  *See* Appellant's Br., *Velez v. Levy*, 2003 WL 24174553 (Dec. 26, 2003); *accord Martin v. Town of Simsbury*, 735 F. App'x 750, 753 (2d Cir. 2018) ("[h]aving revived his federal claims, at least for now, we also reinstate his state law claims, as to which the district court

declined to exercise supplemental jurisdiction because all federal claims had been dismissed"); *compare* Appellant's Br., *Martin*, 2018 WL 509558 (January 17, 2018) (only mentioning "supplemental jurisdiction" in describing decision being appealed).

*Notably*, as with FIH's Second Circuit appeal, *Caiola* is directly on point. In *Caiola*, the District Court dismissed the federal claims and then declined "to exercise supplemental jurisdiction[] of over his state law claims" because the "federal claims are dismissed." 137 F. Supp. 2d 362, 374 (S.D.N.Y. 2001). The Second Circuit reversed dismissal of the federal securities law claims, and held that reinstating the federal claims "also resinstate[s] his state law claims because they 'form part of the same case or controversy.'" *Caiola*, 295 F.3d at 331.

Just like reasonable reliance by a sophisticated investor, *Caiola* is binding and governs here – as well as *Velez* and *Martin*. Where a district court declines supplemental jurisdiction "based on its conclusion that the complaint failed to state any viable federal claims" a decision vacating the judgment "eliminates the basis of that decision" and thus automatically reinstates the state law claims unless the appellate court says otherwise. *Rios-Colon v. Toledo-Davila*, 641 F.3d 1, 5 (1st Cir. 2011). In sum, the waiver argument fails both as a matter of fact and a matter of law.

**III. THE SECOND CIRCUIT MANDATE PRECLUDES THIS COURT FROM USING A NEW ALTERNATIVE GROUND TO DENY SUPPLEMENTAL JURISDICTION GROUND, AND SUCH JURISDICTION IS IN ANY EVENT MANDATORY BECAUSE IT IS UNDISPUTED THAT FIH'S STATE LAW CLAIMS ARISE FROM THE SAME OPERATIVE FACTS AS THE FEDERAL CLAIM**

*Finally*, the Second Circuit mandate also precludes this Court from considering new "'alternative, dispositive bases'" to decline supplemental jurisdiction, because the mandate "impliedly decided" that the state law supplemental jurisdiction claims are reinstated. *Coudert*, 809 F.3d at 100 (quoting *Parmalat Capital Fin., Ltd. v. Bank of America Corp.*, 671 F.3d 261, 270-71 (2d Cir. 2012)). In *Parmalat*, the Second Circuit initially vacated in part a lower court decision rejecting mandatory bankruptcy abstention based on one factor – whether the action could

be "timely adjudicated" in state court. 671 F.3d at 270. On remand, the lower court again rejected mandatory abstention, this time on the alternative ground that the cases 'could have … been commenced in federal court.'" *Id.* The Second Circuit again rejected the lower court's new ruling, holding that it "is not reasonable to construe the mandate as allowing alternative, dispositive bases for denying abstention to be raised for the first time on remand, particularly when the cases had been pending for years and had already been the subject of an appeal." *Id.* at 271.

*Parmalat* should govern here. As in *Parmalat*, the Second Circuit's mandate vacated the district court's judgment, reinstating FIH's state law supplemental jurisdiction claims – even over Defendants' Appellees' brief waiver argument. In so doing, the Court made "no mention of any alternative basis for denying" supplemental jurisdiction. *Id.* at 270-71. Accordingly, as in *Parmalat*, it would be unreasonable to "construe the mandate as allowing alternative, dispositive basis for denying" supplemental jurisdiction to be raised on remand. *Id.* at 271.

Defendants had ample opportunity to litigate supplemental jurisdiction both throughout this case and on appeal – and lost when the Second Circuit reinstated the state law claims. Indeed, all of the Defendants argued at summary judgment that supplemental jurisdiction should be rejected based on denial of the federal claim – and did not argue any of the other exceptions in the statute. (*See* Dkt. No. 46-1, at 29; Dkt. No. 47-1, at 31; Dkt. No. 50, at 27; Dkt. No. 52, at 8-9 n.3, 37.) Accordingly, they are precluded from raising any new arguments now under *Parmalat*. 671 F.3d at 271. Section "1367(c) was not enacted to give litigants two bites at the apple." *Turgeon v. Operating Engineers, Local No. 98*, 2 F. App'x 176, 180 (2d Cir. 2001).

Moreover, even if new supplemental jurisdiction arguments could be raised at this late stage – and they cannot – this Court's prior rulings exercising jurisdiction over those claims as involving the same alleged facts makes supplemental jurisdiction mandatory. Where, as here,

supplemental claims are related for involving the same nucleus of operative fact as the federal claim "supplemental jurisdiction over the related claim is **mandatory**." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018) (quoting *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 447 (2d Cir. 1998)) (emphasis added).  In such a situation, a court only has discretion to decline supplemental discretion only based "upon an enumerated category of subsection 1367(c)" *and* a finding the declining jurisdiction would promote the *Gibbs* factors of "economy, convenience, fairness and comity." *Id.*  No such showing is possible.

*First*, this Court has already exercised jurisdiction over – and rule on – much of FIH's state law claims, and concluded that the arguments for those claims "largely mirror" those "with regard to the federal claims" and held that those claims should be upheld "to the same extent" or "for the same reasons" as the federal claims.  *FIH, LLC v. Found. Capital P'rs LLC*, 176 F. Supp. 3d 52, 94-95 (D. Conn. 2016).  Indeed, these state law claims are based on the same fraudulent inducement of FIH's investment the federal claims. (*Compare* Second Am. Compl. ¶¶ 206–23 (federal claim) *with* ¶¶ 226–38, 242–55, 258–69, 272–82 (state law claims).)  And Defendants themselves have conceded that "FIH's common law claims" are "based on the same allegations of misrepresentations and omissions as are alleged in support of its securities fraud claims."  (J. Elmlinger Mot. to Dismiss, Dkt. No. 50, at 24.)

*Second*, the Court and the parties' prior positions also show that there is nothing novel or complex in FIH's state law claims, which have not – and do not – predominate over the federal claims based on the same operative facts.  This Court and the Defendants have argued that "the language of the relevant section of the Connecticut Securities Act is similar or identical to the corresponding portion of the federal securities laws" and therefore "the same pleading and substantive standards should be applied."  (*Id* at 7 n.2.)  These claims are so similar that one

defendant argued "it would be inconsistent with the law of the case for the court to retain the state law claims" "despite the Court's dismissal of the federal securities claim," since they involve the same misrepresentations.  (Meehan Mot., Dkt. No. 65-1, at 4.)

Indeed, the Connecticut Supreme Court has held that the CUSA claim is based on language that "is almost identical to § 12(2) of the federal Securities Act of 1933," and it has only small differences from FIH's federal securities claim, such as for not requiring reliance or *scienter*. *Connecticut Nat. Bank v. Giacomi*, 242 Conn. 17, 50, 699 A.2d 101, 120 (1997); *accord Slainte Investments Ltd. P'ship v. Jeffrey*, 142 F. Supp. 3d 239, 251–52 (D. Conn. 2015) ("Where CUSA is silent, Connecticut courts are guided by interpretations of the federal Securities Act of 1933")

But one difference is the CUSA requires greater remedies than federal law, including "interest at eight per cent year …, costs and reasonable attorneys' fees," whereas FIH's federal claims are silent on those issues.  Conn. Gen. Stat. § 36b-29(a); *accord Connecticut Nat. Bank v. Giacomi*, 233 Conn. 304, 334–35, 659 A.2d 1166, 1180 (1995).  The statutory interest alone is over $2,700,000 at this point, and counting.  Thus, declining supplemental jurisdiction at this late stage would improperly and inefficiently delay FIH's heightened CUSA remedies arising from the same facts as the federal claim.  *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446-47 (2d Cir. 1998); *accord Turgeon*, 2 F.App'x at 180 ("after extensive discovery" and "a judgment on the merits," a party cannot plausibly "assert[] that the state law issues were novel and complex").

## **CONCLUSION**

As shown above, the Second Circuit's mandate reinstates FIH's state law claims for trial.

| | | |
|---|---|---|
| Dated: | New York, NY<br>May 10, 2019 | SADIS & GOLDBERG LLP |

  /s/ Samuel J. Lieberman

By:  Samuel J. Lieberman (phv08633)
     Ben Hutman
     551 Fifth Avenue, 21st Floor
     New York, New York 10176
     Telephone: (212) 573-8164
     Email: slieberman@sglawyers.com

Of counsel:

WIGGIN & DANA
James Glasser (ct07221)
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508
(203) 498-4313
jglasser@wiggin.com

*Attorneys for Plaintiff, FIH LLC.*