UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FIH, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>FOUNDATION CAPITAL PARTNERS LLC, F/K/A FOUNDATION MANAGING MEMBER LLC; DEAN BARR; JOSEPH MEEHAN; THOMAS WARD; and JOSEPH ELMLINGER,<br><br>Defendants. | : | Civil No. 3:15-cv-00785 (JBA)<br><br>October 21, 2019 |

**DEFENDANT DEAN BARR'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE FOR THE COURT TO TAKE JUDICIAL NOTICE OF A PARALLEL LITIGATION**

Defendant Dean Barr ("Barr") respectfully submits this Reply in Support of his Motion in Limine for the Court to Take Judicial Notice of a Parallel Litigation (the "Motion") and in response to Plaintiff's Opposition to Defendant Barr's Motion in Limine to Admit Evidence of Barr's State Court Action Against FIH, LLC ("Plaintiff's Opposition").

## I. Preliminary Statement

Defendant Barr's Motion is simple: it asks this Court to take judicial notice of the parallel litigation brought by Defendant Barr against Plaintiff and others in Connecticut Superior Court (*Barr v. MFI Management, Inc.*, *et al.*, FST-CV17-5017309-S) ("the State Court Action"). As the supporting caselaw makes clear, taking judicial notice of such a parallel litigation is appropriate and common practice. Plaintiff's Opposition, in contrast, attempts to turn Defendant Barr's Motion into something it is not: a request to admit "evidence of claims" brought in the State Court Action. In fact, Plaintiff's Opposition does not cite to or rely on a *single case that discusses judicial notice*. It ignores this rule completely and never even mentions Federal Rule

of Evidence 201 on judicial notice. Instead, Plaintiff attempts to overstate and hyperbolize Defendant Barr's request by relying on cases that involve the admission of witness testimony and documentary evidence to prove certain claims. But these cases are inapposite to Defendant Barr's Motion and Defendant Barr does not seek to offer any testimony or documents to prove any claims. To the contrary, judicial notice of the State Court Action is appropriate under Rule 201 and it is relevant, probative, and non-prejudicial, and thus admissible.

## II. Plaintiff's Opposition Does Not Address Rule 201 on Judicial Notice at All

Rule 201 is clear that "a court must take notice of court filings if a party so requests and the court is supplied with the necessary information." *Kalimantano GmbH* v. *Motion in Time, Inc.*, 939 F. Supp. 2d 392, 404 (S.D.N.Y. 2013) (citing Fed. R. Evid. 201(c)(2)). Since Plaintiff's position is directly rejected by Rule 201, Plaintiff chooses to ignore it completely. Rule 201 is not even mentioned in its Opposition once.

Instead, Plaintiff cites to cases where courts preclude testimony or documentary evidence being offered *as proof* of an irrelevant claim and/or that is unduly prejudicial. For example, in *Arlio* v. *Lively*, 474 F.3d 46 (2d Cir. 2007), the Second Circuit held that the District Court abused its discretion when it allowed the plaintiff to "testify at length" about a preceding arbitration and essentially tell the jury "that an expert state [arbitration] board had already found" for the plaintiff on a key issue in the federal suit. *Id.* at 52. This case is irrelevant to Defendant Barr's Motion since Defendant Barr does not seek to offer any witnesses or testimony of any kind regarding any holdings or findings of the State Court Action. In another case cited by Plaintiff, *Am. Fed. Grp.* v. *Rothenberg*, 136 F.3d 897 (2d Cir. 1998), the court precluded the plaintiffs from introducing exhibits *to prove* the defendant's wrongful conduct in various transactions, where the transactions were not relevant to the claims as pleaded. *Id.* at 904. Thus, offering proof of such transactions "would amount to the addition into the case of new claims after

discovery had been closed." *Id.* Again, Defendant Barr does not seek to offer any exhibits to prove any unrelated transactions or claims, and this case is irrelevant. These cases, as well as the others cited by Plaintiff, are not only distinguishable, but they are inapposite to Defendant Barr's Motion.[1]

Plaintiff's Opposition simply ignores any caselaw related to Rule 201 because under the Rule, it is appropriate for courts to "take judicial notice of filings made in another court 'not for the truth of the matter asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Kalimantano GmbH*, 939 F. Supp. 2d at 404 (citing *Liberty Mut. Ins. Co.* v. *Rotches Pork Packers Inc.,* 969 F.2d 1384, 1388 (2d Cir.1992)). Defendant Barr seeks "judicial notice of the existence of [the] . . . filing[], but not of the truth of the claims made therein." *Kalimantano GmbH*, 939 F. Supp. 2d at 404. Thus, the existence of the State Court Action, including the claims and damages asserted therein, is a fact appropriate for judicial notice.

**III. Judicial Notice of the State Court Action Presents no Risk of Prejudice to Plaintiff or Danger of Confusing the Jury**

Plaintiff asserts in its Opposition that the State Court Action should be "excluded from evidence" because it is unduly prejudicial and would confuse or mislead the jury. Plaintiff goes as far to say that it would be unfairly prejudiced because it has not "had the opportunity to conduct discovery into those new claims." (Plaintiff's Opposition at 6.) Plaintiff again attempts refute Defendant Barr's Motion by hyperbolizing Defendant Barr's request. Defendant Barr is

[1] Plaintiff also argues that "Defendant Barr chose to forego the opportunity available from the outset of this case to seek the addition of the State Court action claims as counterclaims here." (Plaintiff's Opposition at 4.) But Defendant Barr should not be barred from utilizing Rule 201 because he chose to assert his state law claims in state court. Moreover, at the time of answering the complaint in this case, Defendant Barr was forced to proceed pro se due to his personal financial ruin at the hands of the Milstein family. Defendant Barr simply was not in the position to assert counterclaims at the time. Defendant Barr should not now be penalized (and Plaintiff and the Milsteins rewarded) for the Milsteins' malfeasance.

not seeking to introduce any new claims or any evidence or argument regarding claims asserted in the State Court Action that could somehow confuse or mislead a jury regarding Plaintiff's claim in this case. The fact of the State Court Action is an uncontestable fact to be introduced only to demonstrate its existence. The request is designed to make sure the jury understands that Mr. Barr's silence as to the Milsteins' wrongdoing is not assent, it is not agreement, and it is not waiver – it is just pending elsewhere. Thus, taking judicial notice of the State Court Action, in addition to being relevant and probative, presents no threat of "unfair prejudice, confusing the issues, misleading a jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.[2]

## IV. Conclusion

The State Court Action is appropriate for judicial notice under Rule 201. Plaintiff's Opposition, since it does not address the Rule whatsoever, offers nothing to refute this. Moreover, the State Court Action – introduced only to demonstrate its existence and not for the truth of any matter asserted in the litigation – is relevant and presents no threat of being highly prejudicial, and is thus admissible. For these reasons, Defendant Barr requests that the Court take judicial notice of the State Court Action.

---

[2] Plaintiff also asserts in a footnote that "reference to" the State Court Action would be "particularly problematic" because it "could be dismissed at the pleading stage." (Plaintiff's Opposition at 6 n.3.) To be clear, following the defendants' motion to dismiss, thirteen causes of action against five defendants currently remain in the State Court Action. And while the defendants did recently file a motion to strike, that the motion was filed says nothing of its potential for success. As such, the State Court Action – a "filing[] made in another court" – is appropriate for judicial notice under Rule 201. *Kalimantano GmbH* v. *Motion in Time, Inc.*, 939 F. Supp. 2d 392, 404 (S.D.N.Y. 2013). Moreover, the point is not that Mr. Barr will prevail in state court, which he should if justice prevails, but that he is seeking recovery for the alleged wrongs.

Dated: October 21, 2019

By: /s/

Joseph M. Pastore III (CT11431)
PASTORE & DAILEY LLC
4 High Ridge Park
Stamford, CT 06905
Telephone: (203) 658-8454
Facsimile: (203) 348-0852
Email: jpastore@psdlaw.net
*Counsel for Dean Barr*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2019, a copy of the foregoing Reply in Support of Motion in Limine for the Court to Take Judicial Notice of a Parallel Litigation was filed electronically and will be served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By:__________________________

Joseph M. Pastore III (CT11431)
Pastore & Dailey LLC
4 High Ridge Park
Stamford, CT 06905
Tel: (203) 658-8454
Fax: (203) 348-0852
Email: jpastore@psdlaw.net