UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------x
FIH, LLC,                                          :
                                                   :   Civil No. 3:15-cv-00785 (JBA)
                      Plaintiff,                    :
                                                   :
        -against-                                  :
                                                   :
FOUNDATION CAPITAL PARTNERS LLC,                   :
F/K/A FOUNDATION MANAGING MEMBER                   :
LLC; DEAN BARR; JOSEPH MEEHAN;                     :
THOMAS WARD; and JOSEPH ELMLINGER,                 :   October 21, 2019
                                                   :
                      Defendants.                  :
-----------------------------------------------------------x

**DEFENDANT DEAN BARR'S REPLY IN SUPPORT OF HIS
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ECONOMIC LOSS,
WHICH THEREBY DEFEATS PLAINTIFF'S CLAIM AS A MATTER
OF LAW AND DIVESTS THIS COURT OF SUBJECT MATTER JURISDICTION**

Defendant Dean Barr ("Barr") respectfully submits this Reply in Support of his Motion in

Limine to Exclude Evidence of Economic Loss, Which Thereby Defeats Plaintiff's Claim as a

Matter of Law and Divests This Court of Subject Matter Jurisdiction (the "Motion"), and in

response to Plaintiff's Opposition to Defendant Dean Barr's Motion in Limine for the Court to

Exclude Evidence of Economic Loss ("Plaintiff's Opposition").

**I.     Preliminary Statement**

Plaintiff's Opposition is more notable for what it does not say, than what is does.

Critically, Plaintiff does not cite a single securities law case that holds that a party who suffered

*no economic injury or loss* can maintain a federal securities fraud claim.  It does not cite to such

a case because that is not the law, and no such case exists.  No such case exists because no

claimant has ever prevailed in a securities fraud case on facts comparable to the undisputed facts

in this case.  In fact, to hold that a plaintiff can maintain its § 10(b) claim even in the absence of

1

economic loss would completely upend almost 90 years of securities law and precedent.  Equally

as critical, Plaintiff does not deny that it is *not* the entity that transferred money to Foundation

Capital Partners LLC f/k/a Foundation Managing Member, LLC ("FCP") in order to secure

equity in FCP.   Instead, Plaintiff focuses on previous language used by Defendant Barr in court

documents and in certain transaction documents that refer to Plaintiff by various names such as

"investor" and "purchaser."  But these words say absolutely nothing about the reality that

Plaintiff has suffered no economic loss because it did not turn over any of its *own capital* to FCP.

Put simply, Plaintiff is unable to demonstrate a required element of its claim.  For this reason,

Plaintiff must be precluded from offering evidence of a non-party's loss, and Plaintiff's claim

thereby fails as a matter of law and necessarily divests this court of subject matter jurisdiction.

**II.      Plaintiff Does Not Point to a Single Authority to Support Its Position That a Party
          That Suffered No Economic Loss Can Still Prove All Required Elements of Its §
          10(b) Claim**

In its Opposition, Plaintiff relies heavily on *Astra Oil Trading NV* v. *PRSI Trading Co.*

*LP*, 794 F. Supp. 2d 462 (S.D.N.Y. 2011), and claims that in it, "[a] court in the Second Circuit

recently rejected" Defendant Barr's argument.  (Plaintiff's Opposition at 7.)  But *Astra* involves

a guarantor seeking to recover a guarantee payment it made from the obligor in the transaction

based on contractual indemnification.  In *Astra*, the court held that plaintiff, the guarantor, had

standing "to assert its common law right to indemnification from the obligor" where "the

guarantor made its payment by directing that funds be transferred from its subsidiary's account."

*Astra*, 794 F.Supp.2d 462, 472.  This holding has no bearing whatsoever on the case at hand.

*Astra* is distinguishable from this case because it has absolutely nothing to do with securities law

or the elements of a § 10(b) claim and thus is completely irrelevant.  *Astra* is further

distinguishable because it involves a payment made by plaintiff's "wholly owned subsidiary."

*Id.*  Here, the scenario is the exact opposite, where the transfer of all funds to FCP was made by

2

Plaintiff's parent company, *not* its wholly-owned subsidiary.  *Astra* is inapposite and does not

undermine Defendant Barr's Motion in any way whatsoever.

Most importantly, Plaintiff's Opposition is completely devoid of a single securities case

that supports Plaintiff's position.  Plaintiff cannot demonstrate that a party who *did not suffer any*

*economic loss* can sustain a § 10(b) claim.  In fact, Plaintiff's Opposition does not address the

crux of this issue at all.  Plaintiff *must* demonstrate all six elements in order to prove its § 10(b)

claim against Defendant Barr: "(1) a material misrepresentation or omission by the defendant;

(2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale

of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss

causation."  *Stoneridge Inv. Partners, LLC* v. *Sci.-Atlanta*, 552 U.S. 148, 157 (2008) (citation

omitted).  The law is clear that "[r]egardless . . . [of the] appropriate *remedy* in [a] case, plaintiff

must still prove all elements of its Rule 10b-5 claim, including that it suffered economic loss

caused by defendant's alleged misconduct."  *JSMS Rural LP v. GMG Capital Partners III, LP*,

No. 04 Civ. 8591(SAS), 2006 WL 1867482, at *4 (S.D.N.Y. July 6, 2016) (discussing possible

remedies of out-of-pocket damages and rescission).  *See Aimis Art Corp.* v. *N. Tr. Secs., Inc.*,

641 F. Supp. 2d 314, 320 (S.D.N.Y. 2009) (holding that "a plaintiff in an action under

§ 10(b) .  .  . cannot recover for 'damages' based on hypothetical investments he did not make")

(internal quotation marks omitted).  Since Plaintiff is unable to establish economic loss, Plaintiff

should not be able to offer evidence of some else's loss, and its claim must be dismissed.

### III.   Defendant Barr's Previous Statements and Transaction Documents Say Nothing With Regard to Plaintiff Suffering an Economic Loss

Plaintiff's Opposition makes much of Defendant Barr's language used in previous

documents submitted to this Court, such as referring to Plaintiff as an "investor" or "purchaser"

of equity in FCP.[1]  Plaintiff also points out that the transaction documents such as the February

11, 2014 Membership Agreement and Assignment and Assumption Agreement refer to Plaintiff

as a "member" and that Plaintiff was making a "purchase" of interest in FCP.[2]  (Plaintiff's

Opposition at 2-5.)  But Plaintiff misses the mark.  Defendant Barr does not deny that Plaintiff

became the member and interest holder in FCP.  Plaintiff may have been a "purchaser" of

interests in FCP, but it did not contribute a penny of its own money to fund the purchase.

*Missing from any of the so-called "admissions" or documents is a statement that Plaintiff's own*

*money was paid or transferred to FCP*.  Because it did not happen.  The only entity to transfer

funds to FCP in this transaction is Laz May 10, and Laz May 10 is not a party to this case.[3]  That

is a fact that Plaintiff cannot get around.  Instead, Plaintiff relies on these so-called "admissions"

in an attempt to cloud the truth: Plaintiff's own capital was *never transferred or turned over to*

FCP.  The bank account statements attached to Defendant Barr's Motion demonstrate that

clearly.  Accordingly, Plaintiff cannot demonstrate that it suffered an economic loss and thus, it

---

[1] In its Opposition, Plaintiff also relies on statements made by Defendant Barr in the related state court action. (Plaintiff's Opposition at 9) (referring to FIH and Laz May 10 as alter egos).  But as the caselaw cited by Plaintiff makes clear, "a judicial admission only binds the party that makes it in the action in which it is made, not in separate and subsequent cases."  *Known Litig. Holdings, LLC v. Navigators Ins. Co.*, No. 3:12cv269, 2016 WL 3566653, at *5 (D. Conn. June 24, 2016).  Thus, any statements made by Defendant Barr in the related state court action are not relevant (or binding) here.  Moreover, Defendant Barr's "alter ego" statement speaks to piercing the corporate veil "where the corporate form has been used to achieve an unequitable result" such as "(1) where the corporate fiction is resorted to as a means of evading an existing legal obligation, (2) where the corporate fiction is used to achieve or perpetrate a monopoly, (3) where the corporate fiction is used to circumvent a statute, or (4) where the corporate fiction is relied on to protect a crime or to justify a wrongdoing."  18 C.J.S. Corporations § 25.  The alter ego theory is used as an equitable tool to assign liability where the corporate form has been abused, not as a sword to say that one corporate entity is the same as another for purposes of seeking damages for economic loss.

[2] Also inserted throughout Plaintiff's Opposition are various incorrect and inaccurate statements that Plaintiff relies on to bolster its argument.  For example, Plaintiff asserts that it is "undisputed that LAZ MAY 10 and FIH are under common ownership."  (Plaintiff's Opposition at 6.)  This is not true: one entity (Plaintiff) is owned by the other (Laz May 10).  Laz May 10 is owned by an entity LAZN 510 LLC.  And LAZN 510 LLC is owned by Lazer Milstein and his sons, Nesanel, Asher and Elisha Milstein.  *See* Ex. 8 to Defendants' Joint Loc. R. 56(a)(1) Stmt. [Dkt. No. 172-9] at 13:7-14:22.

[3] Moreover, the statute of limitations for Laz May 10 to assert its own § 10(b) claim has now run.

cannot sustain its § 10(b) claim.

**IV.     Laz May 10's Payments to FCP Were Not Capital Contributions to Plaintiff**

Finally, Plaintiff claims that the "Laz May 10 wire transfer was a capital contribution" to Plaintiff.[4]  In support of this claim Plaintiff relies *solely* on irrelevant I.R.S. rulings (Plaintiff's Opposition at 8-9) and falls short in its analogy of this case and the requirements of a federal securities fraud claim to those tax law opinions.  The first, *Interstate Transit Lines* v. *Comm'r of Internal Revenue*, 319 U.S. 590 (1943), "involves a claim by the taxpayer to treatment of itself and a subsidiary as a single taxable person."  The Court held that a payment made by a parent company to cover the deficit of its subsidiary was not deductible by the parent company as a business expense under the Revenue Act of 1936.  *Id.* at 591-92.  The second, Revenue Ruling 84-68, involved a parent corporation seeking to deduct bonuses paid to employees of its subsidiary as a business expense under the Internal Revenue Code.  I.R.S. Rev. Rul. 84-68, 1984-1 C.B. 31, 1984 WL 262636 (May 7, 1984).  The Revenue Ruling similarly held that the parent corporation may not deduct the bonuses as a business expense under the code.  *Id.*

Clearly, these cases are distinguishable and say nothing of federal securities fraud law. These cases are relevant to federal tax law and nothing else.  For example, if a party sues a subsidiary for amounts due and owing the party would not be able to sue the parent company because they are owed by the subsidiary.  The parent is under no duty to pay the amounts owed – it is not a business expense of the parent and does not have to be paid by the parent.  Liabilities and losses are born by the legal entity – the fundamental rationale and purpose of legal corporations.  Other than these IRS cases, Plaintiff offers no documentary support, testimony, or

---

[4] Capital contribution is defined by Black's Law Dictionary as: "1. Cash, property, or services contributed by partners to a partnership. 2. Funds made available by a shareholder, . . . without an increase in stock holdings." CAPITAL CONTRIBUTION, Black's Law Dictionary (11th ed. 2019).

other evidence whatsoever for its claim that the $6.75 million delivered to FCP was actually intended to be a capital contribution to Plaintiff.

Laz May 10's payments to FCP are not capital contributions to Plaintiff for one key reason: no capital was ever contributed *to Plaintiff*. No funds ever passed through Plaintiff and then to FCP. Plaintiff was left out of the transaction entirely. The capital never belonged to Plaintiff and as the bank account statements attached to Defendant Barr's Motion make clear, the funds were transferred directly from Laz May 10 to FCP. Since the payments from Laz May 10 to FCP were not capital contributions to Plaintiff, Plaintiff did not suffer any economic harm related to the payments. Plaintiff's § 10(b) claim must fail.

**V.     Conclusion**

The arguments raised by Plaintiff in its Opposition are mere distractions. Plaintiff cannot get around the facts: it was not the entity that transferred funds to FCP and since it put up no money, it did not suffer an economic loss. Laz May 10 elected not to join as a plaintiff, and without economic loss, Plaintiff cannot meet the required elements of its § 10(b) claim. Plaintiff has provided no support whatsoever for overturning almost 90 years of securities law and precedent. Plaintiff's attempt to convince the Court to overturn established securities law based on irrelevant guarantor law and tax law should fail. Accordingly, Plaintiff cannot introduce evidence under a § 10(b) claim of another party's loss, and thus its claim cannot stand and should be dismissed as a matter of law and for lack of subject matter jurisdiction prior to any trial before a jury.

Dated:  October 21, 2019                    By: /s/ _____

Joseph M. Pastore III (CT11431)
PASTORE & DAILEY LLC
4 High Ridge Park
Stamford, CT 06905
Telephone: (203) 658-8454
Facsimile: (203) 348-0852
Email: jpastore@psdlaw.net
*Counsel for Dean Barr*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2019, a copy of the foregoing Reply in Support of Motion in Limine to Exclude Evidence of Economic Loss, Which Thereby Defeats Plaintiff's Claim as a Matter of Law and Divests This Court of Subject Matter Jurisdiction was filed electronically and will be served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   Parties may access this filing through the Court's CM/ECF System.

By: _____
Joseph M. Pastore III (CT11431)
Pastore & Dailey LLC
4 High Ridge Park
Stamford, CT  06905
Tel: (203) 658-8454
Fax: (203) 348-0852
Email: jpastore@psdlaw.net