UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FIH, LLC, *Plaintiff,* v. FOUNDATION CAPITAL PARTNERS LLC, f/k/a FOUNDATION MANAGING MEMBER LLC; DEAN BARR; and JOSEPH MEEHAN, *Defendants.* | Civil No. 3:15-cv-785 (JBA)<br><br>October 22, 2019 |

**RULING DECLINING TO REINSTATE STATE LAW CLAIMS FOLLOWING REMAND**

The parties to this action seek clarification as to whether the Second Circuit's mandate in *FIH, LLC v. Foundation Capital Partners LLC*, 920 F.3d 134 (2d Cir. 2019), reinstates Plaintiff's state law claims against Defendants.

Plaintiff contends that the Second Circuit, in vacating the entirety of this Court's summary judgment order in *FIH, LLC v. Foundation Capital Partners LLC*, No. 3:15-CV-785 (JBA), 2018 WL 638997, at *16 (D. Conn. Jan. 31, 2018), revived five Connecticut statutory and common law claims that this Court had dismissed as part of that ruling. (Pl.'s Mem. of Law [Doc. # 224] at 1.) Defendants take the opposite position, arguing that "[i]f the Second Circuit had intended for this Court to reconsider its supplemental jurisdiction decision on remand, it could and would have given that instruction." (Defs.' Joint Mem. of Law [Doc. # 223] at 4.)

The Court will briefly discuss the case's procedural history as it relates to this issue, but otherwise assumes the parties' familiarity with the background of this case as set forth in the Second Circuit's opinion and this Court's vacated summary judgment order.

On January 31, 2018, the Court issued an order granting summary judgment to Defendants as to Plaintiff's federal claim brought under § 10(b) of the Securities Exchange Act of 1934. As part of its ruling, the Court "decline[d] to continue to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims," dismissing them for lack of subject matter jurisdiction. *FIH*, 2018 WL 638997, at *1. The Court provided additional reasons for this dismissal, noting that "the possibility that novel questions of state law may arise" and that "there is now pending in the Connecticut State Superior Court a related action . . . with substantial factual overlap." *Id.* at *16.

Plaintiff subsequently appealed this ruling, identifying four issues for review in its brief. (*See* Ex. A to Defs.' Joint Mem. of Law, Pl.'s Appeal Brief [Doc. # 223-1] at 2.) The first three issues concerned challenges to this Court's ruling on the federal claim, and the fourth issue raised an evidentiary challenge. *Id.* None of the issues related to Plaintiff's state law claims. The brief only mentioned the state law claims in a footnote, which stated that the "court below . . . declined to exercise jurisdiction over FIH's state law claims—in part due to 'substantial differences in the elements' between the federal and state law claims." *Id.* at 15 n.10.

In their opposition on appeal, Defendants made three references to the dismissed state claims, all in the brief's procedural history section. Most pointedly, Defendants stated that "FIH does not challenge the dismissal of its state law claims in its Brief." Brief of Defendants-Appellees at 4 n.5, *FIH, LLC*, 920 F.3d 134 (2d Cir. 2019) (No. 18-357).

In its reply, Plaintiff made no mention of the state law claims. But in its conclusion, Plaintiff asked the Second Circuit to "reverse the judgment of the Court below and remand this action for a trial on the merits," adding that "[t]his includes the state law claims, which were dismissed only because of the federal claim dismissal." Reply Brief of Plaintiff-Appellant at 28, *FIH, LLC*, 920 F.3d 134 (2d Cir. 2019) (No. 18-357).

2

On April 1, 2019, the Second Circuit issued its ruling on Plaintiff's appeal. *See FIH, LLC*, 920 F.3d at 134. The Second Circuit made only passing reference to the state law claims in the opinion's background section. There, the Second Circuit noted that Plaintiff "asserted claims . . . under . . . the Connecticut Securities Act, and Connecticut common law," *id.* at 136, but that the District Court "declined to exercise supplemental jurisdiction over [these] state-law claims," *id.* at 140. In its analysis, the Second Circuit did not discuss the state law claims. The Second Circuit then issued a general madate, "VACAT[ING] the judgment of the district court granting summary judgment in favor of appellees, and REMAND[ING] for further proceedings." *Id.* at 146.

This Court now considers whether the Second Circuit's mandate encompasses the state law claims. "In following a mandate, the lower court must carry out its duty to give the mandate 'full effect.'" *In re Coudert Bros. LLP*, 809 F.3d 94, 98 (2d Cir. 2015). "Where the appellate court has decided a question of law, the lower court on remand lacks discretion to decide that question to the contrary." *Kerman v. City of New York*, 374 F.3d 93, 110 (2d Cir. 2004). "To determine whether an issue remains open for reconsideration on remand, the trial court should look to both the specific dictates of the remand order as well as the broader 'spirit of the mandate.'" *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001). "[I]f the disposition of an issue is 'necessarily implied' by [an appellate] decision, a mandate may also foreclose such an issue from being considered by the lower court." *Coudert*, 809 F.3d at 99. "But the mandate is controlling only 'as to matters within its compass.' . . . When the mandate leaves issues open, the lower court may dispose of the case on grounds not dealt with by the remanding appellate court." *Id.* at 98 (internal citation omitted). Here, the basic question is whether the reinstatement of the state law claims was "necessarily implied" by the Second Circuit's remand.

3

The Court will begin its analysis by examining the summary judgment order's decision as to the underlying issue of dismissal. In this order, this Court multiple reasons for dismissing the state law claims under 28 U.S.C. § 1367. First, it found that dismissal was proper because "no federal claims remain to be tried in this case." *FIH, LLC*, 2018 WL 638997, at *16. Second, the Court observed that "novel questions of state law" could arise in this case. *Id.* Third, it noted "there is now pending in the Connecticut State Superior Court a related action . . . with substantial factual overlap with this matter." *Id.* For all of these reasons, this Court concluded that "judicial economy, convenience, fairness, and comity would best be served by declining to exercise supplemental jurisdiction over the remaining state law claims and permitting Plaintiff to refile those claims in state court, where the related matter remains pending." *Id.*

The Second Circuit did not analyze any portion of this ruling on the dismissal of the state law claims, nor did the parties discuss the state law claims in any meaningful way in their appellate briefs. Aside from a fleeting reference to the state law claims in the context of the case's procedural history, the Second Circuit's opinion was otherwise silent on their dismissal. As such, this Court cannot conclude that the Second Circuit "explicitly or implicitly decided" any issue related to the state law claims on appeal. *Kerman*, 374 F.3d at 109 (internal quotation marks omitted).

In arguing otherwise, Plaintiff contends that the situation here is akin to the one presented in *Coudert*, where the Second Circuit "reversed a lower court's ruling that a claim that was previously reversed and remanded could be dismissed yet again based on an 'alternative holding' that the claim had been 'waive[d].'" (Pl.'s Mem. of Law at 3 (citing *Coudert*, 809 F.3d at 102).)

But *Coudert* is clearly distinguishable. There, a bankruptcy court had disallowed a claim as time-barred under New York choice-of-law rules. The claimant moved for reconsideration, "arguing that the bankruptcy court had erroneously applied the *Erie* doctrine by not treating the

4

bankruptcy court as the transferee court for the Connecticut action." *Coudert*, 809 F.3d at 97. The bankruptcy court then disallowed the claim again–this time on the alternative ground that "'transferee court' argument ha[d] been raised for the first time on the motion for reconsideration." *Id.* The claimant successfully appealed to the Second Circuit, which "vacated the denial of [claimant's] motion for reconsideration and agreed with . . . [the] 'transferee court' reconsideration argument." *Id.* On remand, the bankruptcy court nonetheless adhered to its "alternative basis for denying reconsideration," and again denied relief on the grounds that claimant's "'transferee court' argument was a new argument" presented for the first time on reconsideration. The Second Circuit once again reversed, concluding that the bankruptcy court had flouted the spirit of the mandate, which "instructed the bankruptcy court 'to apply . . . [different] choice of law rules in deciding . . . [the] motion to reconsider." *Id.* at 99. In sum, the *Coudert* claimant directly presented an issue on appeal, and the bankruptcy court disregarded the Second Circuit's instructions for resolution of that very issue by relying on an alternative holding.

Here, in contrast, Plaintiff did *not* directly appeal the dismissal of the state law claims, mentioning these claims only in the opening brief's procedural history section and in the last line of the reply brief's conclusion. Accordingly, when the Second Circuit resolved this appeal, it did not offer any analysis as to the propriety of this Court's discretionary dismissal of the state law claims.

Had this Court dismissed the state law claims only for lack of subject matter jurisdiction, Plaintiff might have a stronger argument that those claims were impliedly reinstated by the Second Circuit's mandate, as that basis for dismissal under § 1367 would no longer apply. But even then, this Court would still have the authority to decline to exercise supplemental jurisdiction as there is

5

"no violation where [a] lower court addresse[s] on remand an issue that was not decided by this Court in the original appeal" as is the case here. *Id.* at 99 (internal quotation marks omitted).

Absent any direction from the Second Circuit on this issue, this Court concludes that its dismissal of the state law claims–for reasons of efficiency, comity, and novelty–remains in place. As such, this case will proceed to trial only on the federal claim brought under § 10(b) of the Securities Exchange Act of 1934.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 22nd day of October 2019.