## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x

FIH, LLC,

                   Plaintiff,

       -against-

FOUNDATION CAPITAL PARTNERS LLC,
F/K/A FOUNDATION MANAGING MEMBER
LLC; DEAN BARR; JOSEPH MEEHAN;
THOMAS WARD; and JOSEPH ELMLINGER,

                   Defendants.

------------------------------------------------------------x

: Civil No. 3:15-cv-00785 (JBA)

: December 2, 2019

### DEFENDANT DEAN BARR AND JOESEPH MEEHAN'S OPPOSITION TO PLAINTIFF'S MOTION TO PRECLUDE TRIAL TESTIMONY OF FRANCOIS GARCIN DUE TO MR. GARCIN FAILING TO APPEAR FOR DEPOSITION, AND FOR AN AWARD OF COSTS AND REASONABLE ATTORNEYS' FEES

Defendants Dean Barr and Joseph Meehan submit this opposition to Plaintiff's Motion to Preclude Trial Testimony of Francois Garcin due to Mr. Garcin Failing to Appear for Deposition, and for an Award of Costs and Reasonable Attorneys' Fees.

Defendants appreciate and share Plaintiff's frustration with Mr. Garcin. As Plaintiff's motion papers make clear, Defendants' counsel attempted to facilitate the scheduling of Mr. Garcin's deposition. Counsel made himself available the day before Thanksgiving, when that was one of only two dates offered by Plaintiff for the deposition. When Mr. Garcin failed to appear at the designated time, counsel tried to contact him and urged him to appear and then to complete the deposition. However, Mr. Garcin is not under Defendants' control and Defendants' counsel does not represent Mr. Garcin. Defendants are not responsible for Mr. Garcin's "shenanigans," and therefore no award of costs or attorneys' fees should be entered against Defendants.

1

Plaintiff's motion papers also reference a disagreement between counsel as to the scope of the Court's order on Plaintiff's Motion to Compel, which was given orally at the pretrial conference on November 25, 2019. (*See* Pl. Motion at 3 and n. 1.) This disagreement was addressed in emails to the Court on Wednesday, November 27 (the date of Mr. Garcin's deposition). On November 26, the day after the Court issued its order from the bench, Defendant Meehan collected and produced JP Morgan bank statements and about 100 pages of communications between Mr. Meehan and Mr. Garcin and communications with prior counsel about this case.

Plaintiff contends that the Court also ordered production of documents related to the current business relationship between Mr. Garcin and Mr. Meehan. Defendants' counsel believes the Court denied the motion as to that category of documents on the ground that those documents are not related to this dispute. The Court's written order will resolve this dispute. In any event, Defendants oppose any request for any adverse inference, as Mr. Meehan's immediate production of documents demonstrates his good faith efforts to comply with the Court's order and provide Plaintiff with appropriate discovery.

Dated: Stamford, CT
December 2, 2019

**Attorneys for Defendants Dean Barr
and Joseph Meehan**

By: _____

Joseph M. Pastore III (ct11431)
Pastore & Dailey LLC
4 High Ridge Park, Third Floor
Stamford, CT 06905
Tel: 203-658-8454
Fax: 203-348-0852